KIMBERLY DAWN AMOS, PLAINTIFF v. NORTH CAROLINA FARM BUREAU
MUTUAL INSURANCE COMPANY, DEFENDANT

No. 9030SC980

(Filed 6 August 1991)

### Insurance § 69 (NCI3d) — underinsured motorist coverage — stacking — definition of underinsured

The trial court correctly granted summary judgment for
plaintiff in an action in which plaintiff was injured in an
automobile accident when the automobile in which she was
riding, driven by Coleman, ran off the highway and struck
a utility pole; Coleman's policy had bodily injury limits of
$50,000 per person; plaintiff's father owned three motor vehicles
that were insured by defendant in one policy with limits of
$50,000 per person for each of the three vehicles, with a separate
premium for each coverage; plaintiff was offered $50,000; and
the trial court held that all three underinsured motorist
coverages in the aggregate amount of $150,000 are available,
reduced by whatever Coleman's insurance company pays under
its policy. Although defendant contended that plaintiff was
not damaged by an underinsured motorist because Coleman's
vehicle had the same limits as the vehicles insured by defend-
ant, the trial court correctly applied *Sutton v. Aetna Casualty
& Surety Co.*, 325 N.C. 437.

**Am Jur 2d, Automobile Insurance §§ 322, 329.**

**Uninsured or underinsured motorist coverage: recoverabili-
ty, under uninsured or underinsured motorist coverage, of
deficiencies in compensation afforded injured party by tort-
feasor's liability coverage. 24 ALR4th 13.**

**Combining or "stacking" uninsured motorist coverages pro-
vided in single policy applicable to different vehicles of in-
dividual insured. 23 ALR4th 12.**

Judge GREENE dissenting.

APPEAL by defendant from order entered 16 July 1990, *nunc
pro tunc* 2 July 1990, by *Judge James .U. Downs* in GRAHAM
County Superior Court. Heard in the Court of Appeals 9 April
1991.

*Zeyland G. McKinney, Jr. and Leonard W. Lloyd for plaintiff appellee.*

*Willardson & Lipscomb, by William F. Lipscomb, for defendant appellant.*

PHILLIPS, Judge.

The facts of this case are not in dispute. Plaintiff, living in the household of her father, Wayne Amos, suffered permanent disabling injuries and substantial medical expense on 28 July 1989 when an automobile operated by Kevin Coleman, in which she was riding as a passenger, ran off the highway and struck a utility pole. The Coleman vehicle was insured by Maryland Casualty Insurance Company, whose policy had bodily injury liability limits of $50,000 per person, which have been offered to plaintiff. Plaintiff's father owned three motor vehicles that were insured by defendant in one policy, which provided bodily injury liability and underinsured motorist insurance limits of $50,000 per person for each of the three vehicles. A separate premium was charged for each coverage. Based upon these facts defendant moved for summary judgment, contending that none of the coverages is available to plaintiff. Plaintiff responded with a similar motion, contending that all three coverages are available to her. The trial court denied defendant's motion and granted plaintiff's. The order specifically holds that under the decision of our Supreme Court in *Sutton v. Aetna Casualty & Surety Company*, 325 N.C. 259, 382 S.E.2d 759, *reh'g denied*, 325 N.C. 437, 384 S.E.2d 546 (1989), all three underinsured motorist coverages in the aggregate amount of $150,000 are available to pay plaintiff's damages, and that defendant's exposure will be reduced by whatever Maryland Casualty pays under its policy.

Whether the court correctly applied the *Sutton* holding to the facts of this case is the only question raised by defendant's appeal. We hold that the court correctly applied the *Sutton* decision to this case and affirm. In opposition thereto, defendant contends, in gist, that: Under the provisions of G.S. 20-279.21(b)(4) underinsured motorist coverage in any automobile policy written in this state is available only to a claimant that has been damaged by an underinsured motorist; that an underinsured motorist is one whose liability insurance limits are less than the liability limits of the policy that contains the underinsured motorist coverage

AMOS v. N.C. FARM BUREAU MUT. INS. CO.

[103 N.C. App. 629 (1991)]

that is being sought; that plaintiff was not damaged by an underinsured motorist because Coleman's vehicle had the same liability limits as the vehicles insured by defendant; and that *Sutton* is not authority for holding that defendant's underinsured motorist coverages are available to plaintiff. These contentions are overruled.

In *Sutton*: The negligent motorist who injured the plaintiff was insured by a policy with bodily injury liability limits of $50,000 per person; two of plaintiff's four vehicles were insured by a policy with bodily injury liability and underinsured motorist coverages limits of $50,000 per person; plaintiff's other two vehicles were insured by a policy with limits of $100,000 per person for both bodily injury liability and underinsured motorist coverages; the Court ruled that all four underinsured motorist coverages in the aggregate amount of $300,000 were available to the plaintiff. Obviously the controlling circumstances of *Sutton* are indistinguishable from those in this case, and the decision made there is binding upon us here. That, as defendant points out, the court did not discuss the fact that some of the underinsured motorist coverages made available to *Sutton* were under a policy that had the same liability limits as the tort-feasor's vehicle is immaterial. Of more import is that the coverages were made available to the plaintiff, for that plainly indicates that the Court's understanding is that the availability of underinsured motorist coverage to an injured victim does not depend upon the tort-feasor's liability limits being less than those on the vehicle with the underinsured motorist coverage.

Affirmed.

Judge PARKER concurs.

Judge GREENE dissents with a separate opinion.

Judge GREENE dissenting.

The facts of this case, like the facts in *Harris v. Nationwide Mut. Ins. Co.*, 103 N.C. App. 101, 404 S.E.2d 499 (1991) (Greene, J., dissenting), present two distinct issues. The first issue, and the only issue addressed by the defendant, is "whether intrapolicy stacking is appropriately considered in determining if the tort-feasor's vehicle is underinsured." *Id.* at 103-04, 404 S.E.2d at 501. For the reasons stated in my dissent in *Harris*, 103 N.C. App.

at 104-08, 404 S.E.2d at 501-03, I agree with the majority that the tortfeasor's vehicle is an underinsured vehicle.

The second issue is "whether intrapolicy stacking is permitted in determining an insurer's limit of liability when the injured party is a non-named insured." *Id.* at 104, 404 S.E.2d at 501. Although the defendant did not discuss this issue in its brief, I address it pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure. For the reasons stated in my dissent in *Harris*, 103 N.C. App. at 108-09, 404 S.E.2d at 503-04, I conclude that intrapolicy stacking is not permitted to determine the defendant's limit of liability where, as here, the injured party is a non-named insured. I would reverse the trial court's order of summary judgment and remand for entry of summary judgment for the defendant.