JOHN HARRELL MANNING AND NANNIE MAE MANNING, PLAINTIFFS v. BILLY RAY TRIPP, DEFENDANT

No. 918SC193

(Filed 3 December 1991)

1. **Insurance § 69.2 (NCI3d) — underinsured coverage — meaning of underinsured highway vehicle**

   Defendant's vehicle was an underinsured highway vehicle under N.C.G.S. § 20-279.21(b)(4) where plaintiffs collided with a vehicle owned and operated by defendant; defendant's automobile was insured under a policy providing liability coverage of $50,000 per person; and plaintiff, Mr. Manning, owned two vehicles, including the subject vehicle, both of which were insured under a policy carrying liability and underinsured coverage up to $50,000 per person for each vehicle. Although the appellant, plaintiffs' insurer, contended that plaintiffs must show as a threshold issue that the limits of liability under defendant's policy are less than the limits of liability under plaintiff's policy, defendant's vehicle was an underinsured highway vehicle under the holdings of *Sutton v. Aetna Casualty & Surety Co.*, 325 N.C. 259, and *Amos v. North Carolina Farm Bureau Mut. Ins. Co.*, 103 N.C. App. 629.

   **Am Jur 2d, Automobile Insurance §§ 323-325.**

   **Insured's right to bring direct action against insurer for uninsured motorist benefits. 73 ALR3d 632.**

MANNING v. TRIPP

[104 N.C. App. 601 (1991)]

**2. Insurance § 69 (NCI3d) — underinsured coverage — stacking — plaintiff not owner of policy or vehicles**

A plaintiff was entitled to aggregate the limits of UIM coverage on two vehicles insured by Nationwide even though she was neither the owner of the insurance policy nor the insured vehicles. *Harris v. Nationwide Mut. Ins. Co.*, 103 N.C. App. 101, controls this issue.

**Am Jur 2d, Automobile Insurance §§ 326-329.**

**Combining or "stacking" uninsured motorist coverages provided in separate policies issued by same insurer to different insured. 23 ALR4th 108.**

Judge GREENE dissenting.

APPEAL by defendant from judgment entered 8 November 1990 in LENOIR County Superior Court by *Judge Robert H. Hobgood, Jr.* Heard in the Court of Appeals 14 November 1991.

*Beaman, Kellum, Hollows & Jones, P.A., by J. Allen Murphy, for plaintiffs-appellees.*

*Battle, Winslow, Scott & Wiley, P.A., by Marshall A. Gallop, Jr., and M. Greg Crumpler, for defendant-appellant.*

WYNN, Judge.

The parties to this appeal have stipulated to the following facts:

Plaintiff passenger, Nannie Mae Manning, sustained injuries in an automobile accident on 7 August 1989. The automobile owned and operated by her husband, John Harrell Manning, plaintiff driver, collided with an automobile owned and operated by defendant, Billy Ray Tripp.

At the time of the accident, Mr. Manning owned two automobiles including the subject vehicle. Both vehicles were insured by Nationwide Insurance Company ("Nationwide") under a policy carrying liability and underinsured coverage up to $50,000 per person for each vehicle. Defendant Tripp's automobile was insured by Allstate Insurance Company under a policy providing liability coverage of $50,000 per person.

Notwithstanding the dispute as to the existence of Underinsured Motorist Insurance Coverage (hereinafter "UIM coverage"),

the parties agreed that Nationwide's maximum exposure to plaintiff is $50,000, the difference between $100,000 (the aggregate of the UIM coverage on the two policies covering the Manning vehicle) and the $50,000 in liability insurance coverage provided by Allstate. By further agreement of the parties, Allstate paid its full limits of liability insurance coverage to plaintiff. The parties further stipulated that if it is adjudicated that Nationwide owes any UIM payment for damages for Mrs. Manning's claim, Nationwide will pay plaintiffs $50,000; but if it is adjudicated that Nationwide owes no UIM·payment for damages for her claim, Nationwide shall have no obligation to plaintiffs.

By Consent Order signed by Judge James D. Llewellyn, the claim by Mr. Manning was dismissed, and this action was converted into a Declaratory Judgment action whereby Mrs. Manning sought a determination of her rights to UIM benefits from Nationwide. From the judgment rendered in favor of plaintiff and against Nationwide, who appeared in the action as an unnamed party pursuant to N.C.G.S. § 20-279.21(b)(3) and (4) (1989), Nationwide appealed.

I.

[1] Appellant first contends that, under the facts of this incident, the automobile owned and operated by Tripp was not an "underinsured highway vehicle" as defined by N.C.G.S. § 20-279.21(b)(4). Appellant argues that, as a threshold issue, plaintiffs must show that the limits of liability under defendant's Allstate policy are less than the limits of liability under Mr. Manning's policy with Nationwide. As such, he contends that the separate $50,000 underinsured coverages on the two Manning vehicles should not be aggregated. to allow for underinsurance in this case in which the tortfeasor's vehicle also carried $50,000 in coverage. We disagree.

North Carolina General Statutes section 20-279.21(b)(4) governs UIM coverage and provides, in pertinent part,

> An "uninsured motor vehicle," as described in subdivision (3) of this subsection, includes an "underinsured highway vehicle," which means a highway vehicle with respect to ownership, maintenance, or use of which, the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the owner's policy. . . . Underinsured motorist coverage shall be deemed to apply when, by reason

of payment or judgment or settlement, all liability bonds or insurance policies providing coverage for bodily injury caused by the ownership, maintenance, or use of the underinsured highway vehicle have been exhausted. Exhaustion of such liability coverage for purpose of any single liability claim presented for underinsured motorist coverage shall be deemed to occur when either (a) the limits of liability per claim have been paid upon such claim, or (b) by reason of multiple claims, the aggregate per occurrence limit of liability has been paid. Underinsured motorist coverage shall be deemed to apply to the first dollar of an underinsured motorist coverage claim beyond amounts paid to the claimant pursuant to the exhausted liability policy.

In any event, the limit of underinsured motorist coverage applicable to any claim is determined to be the difference between the amount paid to the claimant pursuant to the exhausted liability policy and the total limits of the owner's underinsured motorist coverages provided in the owner's policies of insurance; it being the intent of this paragraph to provide to the owner, in instances where more than one policy may apply, the benefit of all limits of liability of underinsured motorist coverage under all such policies . . . .

N.C.G.S. § 20-279.21(b)(4) (1989).

Our Supreme Court interpreted this statute in *Sutton v. Aetna Casualty & Surety Co.*, 325 N.C. 259, 382 S.E.2d 759, *reh'g denied*, 325 N.C. 437, 384 S.E.2d 546 (1989). The defendant in *Sutton* issued two insurance policies to plaintiff: Policy A provided $50,000 of bodily injury and UIM coverage per person for each of two vehicles, and Policy B provided $100,000 of bodily injury and UIM coverage for each of two other vehicles. The plaintiff was injured in excess of $70,000 when she was struck by a vehicle operated by Anthony V. Genesio. Mr. Genesio had personal injury liability limits of $50,000 per person.

Although the *Sutton* Court did not discuss the definition of an underinsured highway vehicle, it did state that "[i]nterpreting the statute to allow both interpolicy and intrapolicy stacking is consistent with the nature and purpose of the act, which as noted is to compensate innocent victims of financially irresponsible motorists." *Id.* at 266, 382 S.E.2d at 764. The Court determined

MANNING v. TRIPP

[104 N.C. App. 601 (1991)]

that the total UIM coverage available to plaintiff was $300,000. *Id.* at 269, 382 S.E.2d at 765.

Relying on the *Sutton* decision, this Court, in its recent decision in *Amos v. North Carolina Farm Bureau Mut. Ins. Co.*, 103 N.C. App. 629, 406 S.E.2d 652 (1991), clarified the meaning of an "underinsured motorist." The plaintiff in *Amos* suffered severe injuries while a passenger in an automobile operated by Kevin Coleman. The Coleman vehicle was insured with bodily injury limits of $50,000 per person. Plaintiff was living in the household of her father, Wayne Amos, who owned three motor vehicles insured by defendant in one policy. This policy provided bodily injury liability and UIM insurance limits of $50,000 per person for each of the three vehicles.

Like the defendant in the case at bar, the defendant in *Amos* made the following argument:

Under the provisions of G.S. 20-279.21(b)(4) underinsured motorist coverage in any automobile policy written in this state is available only to a claimant that has been damaged by an underinsured motorist; that an underinsured motorist is one whose liability insurance limits are less than the liability limits of the policy that contains the underinsured motorist coverage that is being sought; that plaintiff was not damaged by an underinsured motorist because Coleman's vehicle had the same liability limits as the vehicles insured by defendant; and that *Sutton* is not authority for holding that defendant's underinsured motorist coverages are available to plaintiff.

*Id.* at 630-31, 406 S.E.2d at 653. This Court overruled all of defendant's contentions, stating that our Supreme Court's decision in *Sutton* warranted such a result. *Amos*, 103 N.C. App. at 630, 406 S.E.2d at 653. This Court further stated that "the availability of underinsured motorist coverage to an injured victim does not depend upon the tort-feasor's liability limits being less than those on the vehicle with the underinsured motorist coverage." *Id.* at 631, 406 S.E.2d at 653. Based on *Sutton* and *Amos*, we hold that defendant's vehicle was an underinsured highway vehicle under section 20-279.21(b)(4). We, therefore, find defendant's assignment of error to be without merit.

II.

[2] Appellant next assigns error to the trial court's determination that Mrs. Manning is entitled to stack or aggregate the limits of liability for UIM coverage applicable to the two automobiles covered by the Nationwide policy. Appellant argues that the trial court erred because Mrs. Manning was neither the owner of the insurance policy nor of the insured vehicles. We disagree.

This Court's decision in *Harris v. Nationwide Mut. Ins. Co.*, 103 N.C. App. 101, 404 S.E.2d 499 (1991), controls this issue. Plaintiff, Michelle K. Harris, the minor daughter of plaintiffs David and Ellen Harris, was injured in an automobile accident while traveling as a passenger in a vehicle owned by George Wayne Faust and operated by his daughter, Mary Elizabeth Faust. The Faust vehicle was insured by State Farm Insurance Company and had liability limits of $100,000. Michelle's medical expenses alone exceeded $100,000. At the time of the accident, Michelle's parents owned three vehicles insured under a single policy by defendant Nationwide Mutual Insurance Company. That Nationwide policy provided uninsured and underinsured motorist coverage of $100,000 per person and $300,000 per accident for each vehicle insured.

The defendant in *Harris* argued that Michelle was not entitled to stack the three vehicles on her parents' policy because she was not the owner of the insured vehicles. This Court disagreed and stated the following:

> Although the plaintiff in *Sutton* was the owner of the insured vehicles, the Court's holding in *Sutton* is that the benefits contemplated under the applicable statutory provisions in N.C. Gen. Stat. § 20-279.21(b)(4) flow to the *insured injured party*. At the time of the accident in this case, Michelle was a household resident and a family member as contemplated by the provisions of defendant's policy, and was therefore included *under the policy* as a person insured.

*Id.* at 103, 404 S.E.2d at 501 (emphasis in the original).

As our decision in *Harris* indicates, defendant's position that Mrs. Manning cannot aggregate the UIM coverage because she is not an owner of the vehicles is without merit. Based on the foregoing reasons, we are constrained to agree with the trial court that Mrs. Manning is entitled to aggregate the limits of liability for UIM coverage on the two vehicles insured by Nationwide, and

that Nationwide owes a UIM payment for damages with respect to the personal injury claim by Mrs. Manning. We, therefore, overrule these assignments of error.

The judgment of the trial court is

Affirmed.

Judge PARKER concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

The facts of this case, like the facts in *Amos v. N.C. Farm Bureau Mut. Ins. Co.*, 103 N.C. App. 629, 406 S.E.2d 652, *disc. rev. allowed*, 330 N.C. 193, 412 S.E.2d 52 (1991) (Greene, J., dissenting) and in *Harris v. Nationwide Mut. Ins. Co.*, 103 N.C. App. 101, 404 S.E.2d 499, *disc. rev. allowed on additional issues*, 329 N.C. 788, 408 S.E.2d 521 (1991) (Greene, J., dissenting), present two distinct issues. The first issue is "whether intrapolicy stacking is appropriately considered in determining if the tortfeasor's vehicle is underinsured." *Harris*, 103 N.C. App. at 103-04, 404 S.E.2d at 501. For the reasons stated in my dissents in *Amos*, 103 N.C. App. at 631-32, 406 S.E.2d at 653, and in *Harris*, 103 N.C. App. at 104-08, 404 S.E.2d at 501-03, I agree with the majority that the tortfeasor's vehicle is an underinsured vehicle.

The second issue is "whether intrapolicy stacking is permitted in determining an insurer's limit of liability when the injured party is a non-named insured." *Harris*, 103 N.C. App. at 104, 404 S.E.2d at 501. For the reasons stated in my dissents in *Amos*, 103 N.C. App. at 632, 406 S.E.2d at 653, and in *Harris*, 103 N.C. App. at 108-09, 404 S.E.2d at 503-04, I conclude that intrapolicy stacking is not permitted to determine the defendant's limit of liability where, as here, the injured party is a non-named insured. I would reverse the trial court's judgment.