WILSON L. DAVIS, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF CAROLYN FULBRIGHT DAVIS, DECEASED, LISA F. COLLUMS AND SUSAN F. ROGERS, PLAINTIFFS v. NATIONWIDE MUTUAL INSURANCE COMPANY, DEFENDANT

No. 9125SC472

(Filed 5 May 1992)

**Insurance § 69 (NCI3d)— automobile insurance—underinsured motorist coverage—single policy insuring two vehicles—named individual not owner of the policy—stacking permitted**

The trial court properly allowed intrapolicy stacking of underinsured motorist coverage by a named individual not the owner of the policy where plaintiff's decedent was fatally injured in an automobile accident while driving an automobile owned by her husband and covered under a policy issued by defendant which was in the husband's name but covered decedent as his wife and a member of his household, and which covered two automobiles with separate premiums on each. Although defendant contended that *Sutton v. Aetna Casualty & Surety Co.*, 325 N.C. 259, can be distinguished because the person attempting to stack in that case was the owner of the policy, and that the language of N.C.G.S. § 20-279.21 refers to the policy owner, the Court of Appeals clearly permitted

intrapolicy stacking by nonowners in *Manning v. Tripp*, 104 N.C. App. 601. Furthermore, defendant's argument that policy language explicitly precluding intrapolicy stacking controls must fail because that language appeared in *Sutton*, and, although defendant argues that public policy justifies prohibiting nonowners from stacking coverage, the public policy set forth in *Sutton* likewise applies and is valid in this case.

**Am Jur 2d, Automobile Insurance § 329.**

**Combining or "stacking" uninsured motorist coverages provided in single policy applicable to different vehicles of individual insured. 23 ALR4th 12.**

APPEAL by defendant from judgment entered 7 February 1991 by *Judge Forrest A. Ferrell* in CATAWBA County Superior Court. Heard in the Court of Appeals 11 March 1992.

*Finger, Parker & Avram, by M. Neil Finger and Raymond A. Parker, II, for the plaintiffs-appellees.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by Paul D. Coates and Matthew L. Mason, for the defendant-appellant.*

LEWIS, Judge.

Once again this Court is asked to confront the controversial insurance "stacking" question. We are asked here to determine whether an individual named in—but not the "owner" of—a motor vehicle insurance policy is permitted to "stack" underinsured (UIM) coverage when the single policy insures two vehicles. The trial court held that such stacking was permissible. Given the recent case law in this Court, we find no error in the trial court's judgment.

This action arose when plaintiffs' decedent, Carolyn Fulbright Davis, was fatally injured in an automobile accident on 2 June 1989. Decedent was driving a 1985 automobile owned by her husband, Wilson L. Davis, and covered under an insurance policy issued by defendant. The policy was taken in the name of Mr. Davis, but because decedent was his wife and a member of his household at the time of the accident, the policy covered her as well.

The other vehicle involved in the accident was owned by Harry C. Nunnery and his wife, Paulette C. Nunnery, with Mrs. Nunnery driving at the time of the accident. Plaintiffs in this action presently

DAVIS v. NATIONWIDE MUTUAL INS. CO.

[106 N.C. App. 221 (1992)]

have pending a separate wrongful death action against the Nunnerys. In addition, the Nunnerys had a liability insurance policy with Travelers Insurance Company which has paid plaintiffs $50,000.00. None of these facts is disputed by the defendant.

Plaintiffs brought a declaratory judgment action against defendant to determine their rights under their policy. The Nationwide insurance policy provides underinsured motorist coverage at limits of $100,000.00 per person and $300,000.00 per accident for bodily injury. There were two vehicles covered under this single policy, with separate premiums paid on each vehicle. Relying on N.C.G.S. § 20-279.21 (1989), plaintiffs sought to aggregate, or "stack," their coverage to increase their liability limit to $200,000.00 — i.e., apply the $100,000.00 limit to *each* vehicle insured under the policy. The trial court permitted this intrapolicy stacking. From this, defendant appeals.

According to our review of the law, the result in this case seems clear. First, our Supreme Court, in *Sutton v. Aetna Casualty & Sur. Co.*, 325 N.C. 259, 382 S.E.2d 759, *reh'g denied*, 325 N.C. 437, 384 S.E.2d 546 (1989), held that the North Carolina legislature "intended N.C.G.S. § 20-279.21(b)(4) to require both interpolicy and intrapolicy stacking of UIM coverages." *Id.* at 265, 382 S.E.2d at 763. However, defendant distinguishes *Sutton*, since the person attempting to stack in that case was the owner of the insurance policy. Defendant argues that the language of the statute, which refers specifically to the "policy's *owner*," demands a different result when, as here, the person injured was named under the policy but did not actually own the policy.

Defendant's argument is not without judicial support. Several key dissents, authored by Judge K. Edward Greene of this Court, have argued that the correct interpretation of the statute is that only the *owner* of the policy is allowed the benefits of stacking. *See, e.g., Harris v. Nationwide Mut. Ins. Co.*, 103 N.C. App. 101, 404 S.E.2d 499, *disc. rev. allowed*, 329 N.C. 788, 408 S.E.2d 521 (1991) (Greene, J., dissenting). His is the minority view, however, and we are bound by the prevailing majority position.

In *Harris*, this Court upheld the trial court's granting of a summary judgment in favor of Harris to permit intrapolicy stacking of UIM coverage. In that case, the daughter of the insured was permitted to stack a single insurance policy which covered three separate vehicles. Michelle Harris, the daughter, owned neither

the vehicles insured under the policy nor the policy itself, yet this Court relied on *Sutton* to hold that the benefits of N.C.G.S. § 20-279.21(b)(4) "flow to the *insured injured party.*" *Id.* at 103, 404 S.E.2d at 501 (emphasis in original).

Similarly, in *Amos v. North Carolina Farm Bureau Mut. Ins. Co.*, 103 N.C. App. 629, 406 S.E.2d 652, *disc. rev. allowed*, 330 N.C. 193, 412 S.E.2d 52 (1991), this Court again allowed intrapolicy stacking for a nonowner of the policy. Finally, in *Manning v. Tripp*, 104 N.C. App. 601, 410 S.E.2d 401 (1991), *disc. rev. allowed*, 330 N.C. 852, 413 S.E.2d 551 (1992), this Court clearly permitted intrapolicy stacking by nonowners. This Court stated, "As our decision in *Harris* indicates, defendant's position that Mrs. Manning cannot aggregate the UIM coverage because she is *not* an owner of the vehicles is without merit." *Id.* at 606, 410 S.E.2d at 404 (emphasis added).

Defendant nonetheless argues that the language of the policy constitutes a contractual issue that controls this case. Defendant points out that Mr. Davis' policy explicitly precludes intrapolicy stacking. The language to which it refers is found in Part D of the policy, under "Limit of Liability" of "Uninsured Motorists Coverage." This language says:

The limit of bodily injury liability shown in the Declarations for 'each person' for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident. . . . This is the most we will pay for bodily injury and property damage regardless of the number of: . . .

3. Vehicles or premiums shown in the Declarations.

We note that this exact language appeared in the *Sutton* policy. In examining this language, the Supreme Court said, "The question[] before us [is] . . . whether the statute prevails over the policy language." *Sutton*, 325 N.C. at 263, 382 S.E.2d at 762. The Court made this rough place plain. It held, "We are confident the statute prevails over the language of the policy." *Id.* For this reason, defendant's contractual argument must fail.

Finally, defendant argues that public policy reasons justify prohibiting nonowners from stacking coverage. While we recognize that *Sutton* concerned stacking by a policy "owner," we have held invalid the practice of distinguishing between a policy owner and

BAILEY v. NATIONWIDE MUTUAL INS. CO.

[106 N.C. App. 225 (1992)]

a nonowner family member insured for UIM coverage purposes. *See, e.g., Harris*, 103 N.C. App. at 103, 404 S.E.2d at 501. Therefore, the public policy set forth in *Sutton* likewise applies and is valid in this instance. There, the Supreme Court said, "Our construction of the statute [permitting stacking] avoids anomalous results, is fairer to the insured and . . . gives the insured due consideration for the separate premiums paid for each UIM coverage within a policy." *Sutton*, 325 N.C. at 267, 382 S.E.2d at 764. We therefore find no merit to defendant's argument on this basis.

Affirmed.

Judges ARNOLD and WYNN concur.