DANIEL JOEL BAILEY AND LINDA FAYE SHULER, PLAINTIFF-APPELLANTS v. NATIONWIDE MUTUAL INSURANCE COMPANY, A STOCK INSURANCE COMPANY, DEFENDANT-APPELLEE

No. 9128SC522

(Filed 5 May 1992)

**Insurance § 69 (NCI3d)— automobile insurance—named driver not owner—stacking of underinsured motorist coverages**

A person listed as a named driver in a motor vehicle insurance policy but who is not an owner of the policy may stack the underinsured motorist coverage on each of two vehicles when the single policy insures both vehicles.

**Am Jur 2d, Automobile Insurance § 329.**

**Combining or "stacking" uninsured motorist coverages provided in single policy applicable to different vehicles of individual insured. 23 ALR4th 12.**

APPEAL by plaintiffs from an order entered on 7 March 1991 by *Judge C. Walter Allen* in BUNCOMBE County Superior Court. Heard in the Court of Appeals on 18 March 1992.

*Bazzle, Carr & Gasperson, P.A., by Ervin W. Bazzle, for plaintiffs.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by Paul D. Coates and ToNola D. Brown, for defendant.*

. LEWIS, Judge.

The question in this case is whether an individual named in, but not the "owner" of, a motor vehicle liability insurance policy is permitted to "stack" coverage when the single policy insures two vehicles.

On 27 August 1988, plaintiffs Daniel Bailey and Linda Shuler were hit by a truck while riding on Mr. Bailey's motorcycle. Plaintiff's action against the truck driver is pending in Buncombe County Superior Court. The truck driver offered Ms. Shuler the limit on his bodily injury coverage, $100,000.00. Ms. Shuler filed a claim with Mr. Bailey's insurance company, defendant-Nationwide, to stack the underinsured motorist coverage on 26 June 1990. Mr. Bailey's policy, 61J165548, was issued for the period of 22 January 1988 through 22 July 1988 and was renewed until 22 January 1989. This policy listed Ms. Shuler as a named driver and insured, it listed her traffic violation within the last 5 years, and quoted a separate premium for each of Mr. Bailey's two vehicles: a 1988 Chevrolet Barretta and a 1978 Harley Davidson. The underinsured motorist bodily injury coverage was $100,000.00 per person and $300,000.00 limit per accident. At the time of the accident, Ms. Shuler resided with Mr. Bailey.

Defendant-Nationwide refused to allow Ms. Shuler to stack the underinsured coverage for both the Barretta and the motorcycle. Nationwide insists that as a class II insured, Ms. Shuler is entitled only to the $100,000.00 underinsured coverage on the motorcycle and not to the $200,000.00 combined amount on both the Barretta and on the motorcycle. Plaintiffs filed suit against Nationwide on 19 September 1990. Because the trial court found that there was "no underinsured coverage available to plaintiff in this action," the court granted summary judgment in favor of Nationwide on 7 March 1991. Plaintiffs appeal.

We have addressed the legal question at the heart of this suit. in the recent case of *Davis v. Nationwide Mut. Ins. Co.*, 106 N.C. App. 221, 415 S.E.2d 767 (1992). In *Davis*, we held that a

**BAILEY v. NATIONWIDE MUTUAL INS. CO.**

[106 N.C. App. 225 (1992)]

person listed as a named driver, but not the owner of the insurance policy, may stack the underinsured coverage on each of two cars when a single policy insures both vehicles. In light of this decision, summary judgment was improperly granted. Since no material issue of fact exists, and considering *Davis*, we reverse and remand for entry of summary judgment for the plaintiffs.

Reversed and remanded.

Judges ARNOLD and WYNN concur.