JIMMY CLAY HARRINGTON v. BARBARA J. STEVENS, ADMINISTRATOR OF THE ESTATE OF ROBERT STEVEN STEVENS, A/K/A ROBERT STEVEN BANNER, JOSEPH MARION HENSON, AND NATIONWIDE MUTUAL IN-SURANCE COMPANY

No. 9122SC849

(Filed 20 October 1992)

**Insurance § 528 (NCI4th)— injured party living with father and brother—UIM coverages—no stacking under father's and brother's policies**

An insured of the first class residing in the same household with his father and brother was not entitled to stack UIM coverages under personal automobile policies issued to plaintiff's father and brother where plaintiff was an adult who was not dependent on his father for support; plaintiff purchased his own automobile insurance; and there was no evidence that the father or brother would benefit if the plaintiff should be allowed to stack the UIM coverages in their policies.

**Am Jur 2d, Automobile Insurance § 329.**

**Combining or "stacking" uninsured motorist coverages provided in policies issued by different insurers to different insureds. 28 ALR4th 362.**

**Combining or "stacking" uninsured motorist coverages provided in separate policies by same insurer to different insureds. 23 ALR4th 108.**

Judge WELLS dissenting.

APPEAL by defendant from judgment filed 7 June 1991 in ALEXANDER County Superior Court by Judge Lester P. Martin,

*Jr.*, granting plaintiff's motion for summary judgment. Heard in the Court of Appeals 16 September 1992.

*Joel C. Harbinson for plaintiff-appellee.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by Paul D. Coates and ToNola D. Brown, for defendant-appellant Nationwide Mutual Insurance Company.*

GREENE, Judge.

Plaintiff Jimmy Clay Harrington was injured on 24 July 1988 when his car was struck by a car driven by Robert Steven Stevens (Stevens). With respect to the injuries plaintiff sustained in the accident, the car driven by Stevens was underinsured. Pursuant to plaintiff's auto insurance policy, defendant Nationwide Mutual Insurance Company (Nationwide) provided plaintiff with underinsured motorist coverage (UIM), and paid plaintiff pursuant to his personal policy. At the time of the accident, plaintiff resided in the same household with his father, Crafton, and his brother, Rickey. Nationwide had also issued personal automobile policies to plaintiff's father and brother. Plaintiff's brother's policy covered two separate motor vehicles and provided UIM coverage for bodily injury in the amount of $50,000.00 per person and $100,000.00 per occurrence. Plaintiff's father's policy also covered two vehicles and provided UIM coverage for bodily injury in the amount of $50,000.00 per person and $100,000.00 per occurrence. Plaintiff sought "inter-policy" stacking of his brother's and father's policies, and within each of the two policies sought "intra-policy" stacking. Thus, plaintiff sought total coverage of $200,000.00 from Nationwide based on these two policies. At trial, Judge Martin heard cross-motions for summary judgment and granted plaintiff's motion. Defendant Nationwide appeals.

---

The issue is whether all persons insured of the first class are permitted to stack UIM coverages.

Both parties to this appeal agree that N.C.G.S. § 20-279.21(b)(4) is governing in this case. As part of the Motor Vehicles Safety and Financial Responsibility Act of 1953, N.C.G.S. § 20-279.21(b)(4) was enacted to prevail over relevant language in underinsured motorist coverages and allow stacking of underinsured motorist

coverage. Section 279.21(b)(4), as it existed at the time of the accident, provided in relevant part:

> In any event, the limit of underinsured motorist coverage applicable to any claim is determined to be the difference between the amount paid to the claimant pursuant to the exhausted liability policy and the total limits of the owner's underinsured motorist coverages provided in the owner's policies of insurance; it being the intent of this paragraph to provide to the owner, in instances where more than one policy may apply, the benefit of all limits of liability of underinsured motorist coverage under all such policies: Provided that this paragraph shall apply only to nonfleet private passenger motor vehicle insurance as defined in G.S. 58-40-15(9) and (10).

N.C.G.S. § 20-279.21(b)(4) (1989).

In *Harris v. Nationwide Mutual Insurance Co.*, 332 N.C. 184, 420 S.E.2d 124 (1992), our Supreme Court addressed the issue of whether N.C.G.S. § 279.21(b)(4) allows a non-policy owner to stack UIM coverages. The Court, without deciding whether the statute allows only the "owner" to stack UIM coverages, held that if the non-owner is a (1) spouse or relative of the policy owner, (2) resides in the same household as the policy owner, and (3) the policy owner benefits if the non-owner is allowed to stack UIM coverages in the owner's policy, stacking of the policy owner's UIM coverages by the non-owner is permitted. *Harris*, 332 N.C. at 193-94, 420 S.E.2d at 130.

In *Harris*, the Court held that because the policy owners would benefit if their minor daughter Michelle K. Harris, who lived in her parents' household, was allowed to stack the UIM coverages in her parents' policies, stacking was permitted. As noted by the *Harris* Court, Michelle, as a minor

> was under no duty to honor any contract of insurance she might have purchased on her own. . . . Therefore, Michelle was dependent on her parents for insurance coverage. Also, since Michelle was a minor at the time of the accident, it was her parents' duty to support her to the best of their abilities. . . . By discharging their duty of support and protecting their daughter, the [policy owner parents] plainly "benefit" by limiting their out of pocket expenses, as well as increasing their peace of mind.

*Harris*, 332 N.C. at 194, 420 S.E.2d at 130 (citations omitted). In conclusion, the Court in a very narrow holding held that the minor plaintiff, "as a nonowner family member living in the same household as the named insured, is entitled to stack UIM coverages under her parents' policy." *Id*. Accordingly, we do not read *Harris*, as plaintiff suggests, as permitting all persons insured of the first class to stack UIM coverages. *See Crowder v. North Carolina Farm Bureau Mut. Ins. Co.*, 79 N.C. App. 551, 554, 340 S.E.2d 127, 129, *disc. rev. denied*, 316 N.C. 731, 345 S.E.2d 387 (1986) (defining persons insured of the first class as a spouse or relative of the named insured who is a resident of the named insured's household). The Court emphasized throughout the opinion the necessity of finding a "benefit" running to the owner of the policies as a prerequisite to stacking by a non-owner. Therefore, if there is no "benefit" running to the owner, there is no stacking of UIM coverages.

In this case, although the plaintiff is a family member residing in the household of his father and brother, there is no evidence that the father or brother would benefit if the plaintiff were allowed to stack the underinsurance coverages in the father's and brother's policies. The plaintiff, as an adult with children of his own, was not dependent, as was Michelle in the *Harris* case, on his father for support. The plaintiff was fully responsible for purchasing his own insurance and in fact did so. Accordingly, the order of the trial court must be reversed, and remanded for entry of summary judgment in favor of defendant Nationwide.

Reversed and remanded.

Judge ORR concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

In my opinion, the clear teachings of *Crowder v. N.C. Farm Bureau Mut. Ins. Co.*, 79 N.C. App. 551, 340 S.E.2d 127, *disc. rev. denied*, 316 N.C. 731, 345 S.E.2d 387 (1986); *Bass v. N.C. Farm Bureau Mutual Ins. Co.*, 332 N.C. 109, 418 S.E.2d 221 (1992); *Sutton v. Aetna Casualty & Surety Co.*, 325 N.C. 259, 382 S.E.2d 759, *rehearing denied*, 325 N.C. 437, 384 S.E.2d 546 (1989); *Amos v. North Carolina Farm Bureau Mut. Ins. Co.*, 103 N.C. App. 629, 406 S.E.2d 652 (1991), *affirmed*, 332 N.C. 340, 420 S.E.2d 123 (1992);

and now *Grain Dealers Mutual Insurance Co. v. Long*, 332 N.C. 477, 421 S.E.2d 142 (1992), is that as an insured of the first class residing in the same household with his father and brother, plaintiff is entitled to stack both his father's and brother's UIM coverages. In my opinion, the "benefits" discussion in *Harris v. Nationwide Mutual Insurance Co.*, 332 N.C. 184, 420 S.E.2d 124 (1992), does not alter this fundamental rule, and I therefore vote to affirm the trial court.

I believe it appropriate to express my concern that if the "benefit" predicate driving the majority opinion is correct, this and other such cases would not be appropriate for summary disposition, as the issue of who might be an intended "beneficiary" in such cases could only be determined by a trier of fact.