BOBBY THOMAS MITCHELL v. NATIONWIDE INSURANCE COMPANY

No. 9210SC96

(Filed 4 May 1993)

1. **Insurance § 528 (NCI4th) — stacking — underinsured motorist coverage — interpolicy — nonowner under both policies — policy provisions**

Policy language could have prevented a plaintiff from interpolicy stacking of underinsured motorist coverage where plaintiff was injured while riding as a passenger in a vehicle owned and operated by Stewart; the Stewart vehicle was insured by defendant with $50,000 per person of uninsured/underinsured motorist coverage; plaintiff's medical expenses alone were in excess of $90,000; defendant paid plaintiff $25,000, representing the $50,000 UIM coverage under the Stewart policy less the $25,000 paid under the tortfeasor's liability policy; plaintiff was a member of his mother's (Ms. Baker's) household; Ms. Baker owned a vehicle insured by defendant under a policy which provides $50,000 of UIM coverage; and plaintiff in this action sought the $50,000 under the Baker policy. Both of the policies which the party seeks to stack must have been issued to the "named insured" or "the spouse if a resident of the same household." Plaintiff's status as a "family member" does not prevent his recovery under the policy in general; however, here the policies were not issued to the same named insured nor the spouse of the named insured.

**Am Jur 2d, Automobile Insurance § 322.**

MITCHELL v. NATIONWIDE INS. CO.

[110 N.C. App. 16 (1993)]

Combining or stacking uninsured motorist coverages provided in separate policies issued by same insurer to different insureds. 23 ALR4th 108.

2. **Insurance § 528 (NCI4th)— stacking—underinsured motorist coverage—interpolicy—nonowner under both policies—statutory provisions**

The trial court did not err by permitting a twenty-five-year-old non-owner plaintiff to stack UIM coverages where plaintiff was injured while a passenger in a vehicle owned by Stewart and insured by defendant; the Stewart policy provided underinsured motorist coverage; defendant paid plaintiff pursuant to his rights under that policy; plaintiff was a member of his mother's household; she owned a vehicle insured by defendant with an underinsured motorist provision (the Baker policy); and plaintiff brought this action seeking recovery under the Baker policy. Although defendant contends that N.C.G.S. § 20-279.21 does not require interpolicy stacking of UIM coverage for the benefit of a non-owner family member, the facts in this case support the existence of a benefit to plaintiff's mother when plaintiff is allowed to stack in that there is no evidence that plaintiff had his own car or had purchased his own insurance; moreover, his mother clearly benefits from stacking where plaintiff received severe closed head injuries resulting in permanent impairment for which he requires intensive home care. Permitting plaintiff to stack UIM coverages under the Baker and Stewart policies comports with the avowed purpose of the Financial Responsibility Act; the statute is remedial and is to be liberally construed so that the beneficial purpose intended by its enactment may be accomplished.

Am Jur 2d, Automobile Insurance § 322.

Combining or stacking uninsured motorist coverages provided in separate policies issued by same insurer to different insureds. 23 ALR4th 108.

3. **Insurance § 530 (NCI4th)— stacking—underinsured motorist coverage—interpolicy—no credit for amount paid under. first policy**

Although defendant insurance company contended that it was entitled to a credit for amounts already paid to plaintiff, the trial court's reasoning and mathematics were correct when

it concluded that there was a total of $100,000 in underinsured motorist coverage available from stacked policies, that plaintiff had been paid $50,000 under the tortfeasor's liability policy and the policy of the driver of the car in which plaintiff was riding, and that the balance was $50,000.

**Am Jur 2d, Automobile Insurance § 322.**

**Combining or stacking uninsured motorist coverages provided in separate policies issued by same insurer to different insureds. 23 ALR4th 108.**

.Judge ORR dissenting.

Appeal by defendant from Judgment entered 5 November 1991 by Judge Dexter Brooks in Wake County Superior Court. Heard in the Court of Appeals 5 January 1993.

*Farris & Farris, by Robert A. Farris, Jr. and Thomas J. Farris, for plaintiff-appellee.*

*LeBoeuf, Lamb, Leiby & MacRae, by Peter M. Foley and Stephanie Hutchins Autry, for defendant-appellant.*

WYNN, Judge.

This appeal was brought pursuant to N.C.G.S. § 1-253 for a declaration of the rights of plaintiff, Bobby Thomas Mitchell, under a policy of insurance issued to Mitchell's mother, Peggy Wiggs Baker, by the defendant, Nationwide Mutual Insurance Company (Nationwide). A non-jury trial was held and tried on the stipulated facts. The trial court took the matter under advisement and entered judgment in favor of plaintiff for $50,000 plus costs.

In this case we are presented with yet another first impression insurance stacking issue — namely, whether the underinsured motorist (UIM) coverage for a non-owner Class I insured under one policy may be stacked with the UIM coverage under another policy in which the party is also a non-owner insured? We hold that it can.

---

.This action arises out of an automobile accident which occurred in Johnston County, North Carolina on 31 August 1986. Plaintiff was riding as a passenger in a vehicle owned and operated by Ronnie Stewart. The Stewart vehicle was insured by defendant Nationwide under a policy providing $50,000 per person of unin-

sured/underinsured motorist (UM/UIM) coverage (Stewart policy). The Stewart vehicle was struck by an automobile driven by James Lopez, the tortfeasor. Lopez's vehicle was insured by North Carolina Farm Bureau under a policy providing bodily injury liability limits of $25,000 per person (Lopez policy).

Plaintiff sustained injuries resulting in medical expenses alone in excess of $90,000. N.C. Farm Bureau paid plaintiff the $25,000 policy limit under the Lopez policy. Defendant paid plaintiff $25,000 representing the $50,000 UIM coverage under the Stewart policy less the $25,000 already paid to plaintiff under the Lopez policy.

Plaintiff is the twenty-five year old son of Peggy Wiggs Baker and at the time of the accident was a member of her household. Ms. Baker owns a vehicle insured under a policy issued by defendant which provides $50,000 of UIM coverage (Baker policy). Plaintiff, in this action sought recovery of the $50,000 of UIM coverage under the Baker policy. The trial court made findings of fact and concluded that plaintiff was a "covered" person under the Baker policy. The trial court further concluded that there was a total of $100,000 in UIM coverage available to plaintiff at the time of the accident, representing $50,000 from the Stewart policy stacked with the $50,000 from the Baker policy. The trial judge deducted from the $100,000 total, the $50,000 that had already been paid to plaintiff under the Lopez and Stewart policies and held that the plaintiff should recover from defendant the excess $50,000. Defendant appeals.

I.

Defendant contends by its first assignment of error that plaintiff is not entitled to interpolicy stack the $50,000 of UIM coverage under the Baker policy with the $50,000 in UIM coverage provided in the Stewart policy because language in the Baker policy prohibits such stacking by a non-owner and N.C.G.S. § 20-279.21(b)(4) does not require interpolicy stacking for the benefit of one who is not the owner of the Baker policy.

In determining "whether insurance coverage is provided by a particular automobile liability insurance policy, careful attention must be given to the type of coverage, the relevant statutory provisions, and the terms of the policy." *Smith v. Nationwide Mutual Ins. Co.*, 328 N.C. 139, 142, 400 S.E.2d 44, 47, *reh'g denied*, 328 N.C. 577, 403 S.E.2d 514 (1991). In the present case, the type of

coverage at issue is UIM coverage. The relevant statute is N.C.G.S. § 20-279.21(b)(4) and supplements in effect in 1986. Both the Stewart policy and the Baker policy provide for UIM coverage and the parties stipulated to the fact that plaintiff is a "covered" person under *both* the Baker and the Stewart policies. Defendant contends however, that whereas the plaintiff is neither the "owner" of the policy, nor of the vehicles insured, he is not entitled to stack the UIM coverage provided under the two policies. We disagree.

## Policy Provisions

[1] The Baker policy contains definitions of certain terms used throughout the policy, including:

"you" and "your" refer to:

1. The "named insured" shown in the Declaration; and

2. The spouse if a resident of the same household.

"Family member" means a person related to you by blood, marriage or adoption who is a resident of your household.

Part D, the UM and UIM coverage section of the Baker policy provides:

We will pay damages which a **covered person** is legally entitled to recover from the owner or operator of an [underinsured] motor vehicle because of:

1. Bodily injury sustained by a **covered person** and caused by an accident.

"**Covered person**" as used in this Part means:

1. You or any **family member**.

2. Any other person **occupying**:

a. **your covered auto**; or

b. any other auto operated by you.

Plaintiff is "covered" under the Baker policy because he is a family member living in the same household as his mother, Ms. Baker. He is "covered" under the Stewart policy because he was "occupying" Stewart's "covered auto" at the time of the accident.

## MITCHELL v. NATIONWIDE INS. CO.

[110 N.C. App. 16 (1993)]

The "Uninsured/Underinsured Motorist Coverage Endorsement" 1676B, found in both policies, provides for interpolicy stacking as follows:

> If this policy and any other policy *issued to you* apply to the same accident, the maximum limit of liability for your or a **family member's** injuries shall be the sum of the limits of liability for this coverage under all such policies.

(Emphasis added).

Defendant argues that where the plaintiff is neither the "named insured" nor the named insured's "spouse," he is not "you" as defined by the Baker policy and therefore may not stack the coverages because he does not fall within the meaning of the phrase "issued to you" in the above policy clause. Plaintiff argues in response that as a "family member" and therefore, a "covered" person, he may stack the policies despite the fact that he is neither the named insured nor the insured's spouse.

The North Carolina Supreme Court addressed this exact issue in *Smith v. Nationwide* and held that the above quoted endorsement language "clearly allows the stacking of UM/UIM coverages *for a family member*, when the family member is covered by more than one policy *issued to the named insured.*" 328 N.C. at 146, 400 S.E.2d at 49 (emphasis added). *Smith* involved two separate policies of insurance, one issued to the plaintiff-father individually and the other issued to both the father and his deceased daughter for whom he sought recovery. Where the plaintiff's decedent was "covered" under both policies; one as a "named insured" and the other as a family member living in the household, stacking was permissible. However, a crucial factor distinguishes *Smith* from the subject case. In *Smith*, both policies were "issued" to the individual plaintiff-father.

The policy language permits stacking of "this policy and *any other policy issued to you.*" Thus, *both* of the policies which the party (whether a "family member" or the named insured), seeks to stack, must have been issued to the "named insured" or "the spouse [of the named insured] if a resident of the same household." Plaintiff's status as a "family member" does not, therefore, in general, prevent his "recovery" under the policy. However, in this case, one policy is issued to Baker as the named insured and the other policy is issued to Stewart as the named insured. Thus, where

these policies are not issued to the same named insured, nor the spouse of the named insured, under the guidance of *Smith* we can conclude that the *policy* language prevents this plaintiff from interpolicy stacking the two separate policies.

## Statutory Provisions

[2] Defendant contends further that N.C.G.S. § 20-279.21 of the Motor Vehicle Safety and Financial Responsibility Act also does not require interpolicy stacking of UIM motorist coverage for the benefit of a non-owner family member. The provisions of the Financial Responsibility Act are written into every automobile insurance policy issued for delivery in this State as a matter of law. *Crowder v. N.C. Farm Bureau Mut. Ins. Co.*, 79 N.C. App. 551, 555, 340 S.E.2d 127, 130, *disc. rev. denied*, 316 N.C. 731, 345 S.E.2d 387 (1986). In the event that a provision of an insurance policy conflicts with a provision of the statute favorable to the insured, the provision of the statute controls. *Nationwide Mut. Ins. Co. v. Cantos*, 293 N.C. 431, 441, 238 S.E.2d 597, 604 (1977). The Financial Responsibility Act is a "remedial statute to be liberally construed so that the beneficial purpose intended by its enactment may be accomplished." *Sutton v. Aetna Casualty & Surety Co.*, 325 N.C. 259, 265, 382 S.E.2d 759, 763, *reh'g denied*, 325 N.C. 437, 384 S.E.2d 546 (1989).

The statute essentially establishes two "classes" of "persons insured." See N.C.G.S. § 20-279.21(b)(3). A Class I insured includes "the named insured and, while resident of the same household, the spouse of any named insured and relatives of either . . . ." *Crowder*, 79 N.C. App. at 554, 340 S.E.2d at 129. A Class II insured is "any person who uses with the consent, express or implied, of the named insured, the insured vehicle, and a guest in such vehicle." *Id.* at 554, 340 S.E.2d at 129-30. In the subject case, plaintiff was a non-owner, non-family member passenger in the Stewart vehicle and is thus, a Class II insured under the Stewart policy. As a non-owner family member living in his mother's household, plaintiff is a Class I insured under the Baker policy.

We note that our courts have clearly established that pursuant to the language of N.C.G.S. § 20-279.21(b)(3), a Class I insured, albeit a non-owner family member, living in the household of a policy holder, may recover under the UIM provisions of a policy "even where the insured vehicle is not involved in the insured's injuries." *Id. See also Grain Dealers Mut. Ins. Co. v. Long*, 322

N.C. 477, 421 S.E.2d 142 (1992); *Harris v. Nationwide Mut. Ins. Co.*, 332 N.C. 184, 420 S.E.2d 124 (1992); *Smith*, 328 N.C. 139, 400 S.E.2d 44. This coverage is based upon the theory that while "liability insurance is essentially vehicle oriented, UM/UIM insurance is essentially person oriented." *Smith*, 328 N.C. at 148, 400 S.E.2d at 50. Therefore, as a Class I insured, plaintiff "qualifies" for recovery under the Baker policy. Further, there is no dispute that plaintiff also "qualifies" for recovery under the Stewart policy, as evidenced by the fact the defendant has already paid the plaintiff pursuant to his rights under that policy. The only issue is whether plaintiff can stack the UIM coverages under the two policies.

The stacking provision of the statute provides in relevant part:

In any event, the limit of underinsured motorist coverage applicable to any claim is determined to be the difference between the amount paid to the claimant pursuant to the exhausted liability policy and the *total limits of the* **owner's** *underinsured motorist coverages provided in the* **owner's** *policies of insurance; it being the intent of this paragraph to provide to the* **owner**, *in instances where more than one policy may apply, the benefit of all limits of liability of underinsured motorist coverage under all such policies* . . .

N.C.G.S. § 20-279.21(b)(4) (1985) (emphasis added). Defendant contends that the repeated references to "owner" in the statute indicate that only the owner of a policy of insurance or owner of the insured vehicle is entitled to the benefits conferred by the statute, namely stacking.

As a threshold matter, we note that Nationwide does not argue, nor do we find, that this type of interpolicy stacking is prohibited when the injured insured is the "owner" of a policy. *See Sproles v. Greene*, 100 N.C. App. 96, 103, 394 S.E.2d 691, 695 (1990), *aff'd in part, rev'd in part on other grounds*, 329 N.C. 603, 407 S.E.2d 497 (1991) ("Our law is . . . that an insured may collect under multiple [UIM] policies . . . and that a carrier having accepted a premium for [UIM] coverage may not deny coverage on the ground that other such insurance is available to the insured.") *See also Sutton*, 325 N.C. 259, 382 S.E.2d 759 (N.C.G.S. § 20-279.21(b)(4) requires that multiple UIM coverage available to an innocently injured accident victim be stacked or aggregated); *Proctor v. N.C. Farm Bureau Mut. Ins. Co.*, 107 N.C. App. 26, 418 S.E.2d 680 (1992), *disc. rev. denied*, 333 N.C. 346, 426 S.E.2d 709 (1993)

(plaintiff permitted to stack UIM coverages under two separate policies even though neither plaintiff, nor his deceased wife, for whom he sought recovery, was the "owner" of both policies). Rather, the issue argued by defendant is whether the statute requires such *interpolicy* stacking by *this* plaintiff as a *non-owner* of the Baker policy.

Nationwide made the same argument in *Harris v. Nationwide*, contending that the non-owner plaintiff, a minor family member living in the same household as the named insured, could not *intrapolicy* stack the limits of liability for three separate vehicles insured under a single policy owned by her parents. The North Carolina Supreme Court, relying on *Sutton*, held that the injured minor, an insured of the first class, was entitled to *intrapolicy* stack the UIM coverages under her parent's insurance policy in determining Nationwide's limit of liability.

In reaching its conclusion in *Harris*, the Supreme Court reasoned:

> When one member of a household purchases first-party UIM coverage, it may fairly be said that he or she intends to protect all members of the family unit within the household. The legislature recognized this family unit for purposes of UIM coverage when it defined "persons insured" of the first class as "the named insured and, while resident of the same household, the spouse of any named insured and relatives of either . . ." These *persons insured of the first class are protected*, based on their relationship, whether they are injured while riding in one of the covered vehicles or otherwise. Certainly the policy owner "benefits" when a spouse or family member residing in his or her household can stack UIM coverages. We conclude that the principles enumerated in *Sutton* which allow UIM stacking when the owner is injured also allow *intrapolicy stacking of UIM coverages when the injured party is a person insured of the first class.*

332 N.C. at 193-94, 420 S.E.2d at 130 (citations omitted) (emphasis added). A number of cases following *Harris* have permitted *intrapolicy* stacking of UIM coverage by a non-owner Class I insured. See *Davis v. Nationwide Mutual Ins. Co.*, 106 N.C. App. 221, 415 S.E.2d 767, *disc. rev. denied*, 332 N.C. 343, 421 S.E.2d 146 (1992); *Manning v. Tripp*, 104 N.C. App. 601, 410 S.E.2d 401 (1991), *aff'd*, 332 N.C. 341, 420 S.E.2d 123 (1992); *Amos v. North Carolina Farm*

*Mut. Ins. Co.*, 103 N.C. App. 629, 406 S.E.2d 652 (1991), *aff'd*, 332 N.C. 340, 420 S.E.2d 123 (1992).

Defendant argues that the *Harris* holding is limited in that the statute permits a non-owner family member to stack only where it results in a benefit accruing directly to the owner of the policy. This Court recently read *Harris* to require that a benefit accrue to the owner of the policy. In *Harrington v. Stevens*, 107 N.C. App. 730, 421 S.E.2d 605 (1992), our Court in interpreting *Harris*, stated that

> if the non-owner is a (1) spouse or relative of the policy owner, (2) resides in the same household as the policy owner, and (3) the policy owner benefits if the non-owner is allowed to *stack UIM coverages in the owner's policy, stacking of the policy owners UIM coverages by the nonowner is permitted.*

107 N.C. App. at 732, 421 S.E.2d at 606 (citing *Harris*, 332 N.C. at 193-94, 420 S.E.2d at 130) (Wells, J., dissenting). In *Harrington*, the plaintiff, a first class insured, residing in the same household as his brother and father sought *interpolicy* stacking of the UIM coverages under his brother's and father's policies. This Court held that where the plaintiff was an independent adult with his own children and own insurance, he could not *interpolicy* stack the UIM coverages because there was no evidence that the brother and father [policy owners] would benefit by the stacking. The Court concluded that if there is "no 'benefit' running to the owner, there is no stacking of UIM coverages." *Id.* at 733, 421 S.E.2d at 607.

After thoroughly reviewing Justice Frye's well-reasoned opinion in *Harris*, we have concerns as to whether *Harrington* represents a proper interpretation of the Supreme Court's ultimate holding. In discussing the resulting benefit which accrued to the child's parents in *Harris* by permitting her to stack the coverages, the Supreme Court stated:

> *Assuming, without deciding, that Nationwide is correct in interpreting the statute to mean that only "owners" are intended to benefit from the stacking of UIM coverages,* there is no factual dispute that Mr. and Mrs. Harris "benefit" when their child Michelle is allowed to stack. To accept Nationwide's argument would be to say that the legislature intended for Michelle's parents, the policy owners, to benefit from their UIM coverage when **they** are injured by an underinsured motorist, but did

not intend for them to benefit financially when their minor daughter, a member of their household, is injured by an underinsured motorist. Clearly the legislature "did not intend [such] an unjust or absurd result."

*Harris,* 332 N.C. at 193, 420 S.E.2d at 129-30 (citation omitted) (emphasis added).

Moreover, the Supreme Court has since affirmed the holdings of this Court in two other cases which held that *intrapolicy* stacking by a non-owner family member is permissible. *See Manning,* 332 N.C. 341, 420 S.E.2d 123 (*intrapolicy* stacking permitted for a non-owner family member and non-named insured injured while riding as a passenger in an insured vehicle); *see also Amos,* 332 N.C. 340, 420 S.E.2d 123 (*intrapolicy* stacking permitted by a non-owner family member for injuries sustained while riding as a passenger in a non-owned vehicle). Both *Manning* and *Amos,* were affirmed "for the reasons stated in the [Supreme] Court's decision in *Harris.*" *Id.* In affirming those cases, the Supreme Court did not perform or recognize any necessary benefit analysis. However, our conflict with the reasoning in *Harrington* isn't significant in this case because the facts here indicate that a benefit exists. There is no evidence that the plaintiff had his own car or had purchased his own insurance in this case. Moreover, where the plaintiff received severe closed head injuries resulting in permanent impairment for which he requires intensive home care, his mother clearly benefits by permitting stacking. Thus, as in *Harris,* even if we "assum[e] without deciding" that only "owners" are intended to benefit from stacking of UIM coverages, the facts in this case support the existence of a benefit to plaintiff's mother when plaintiff is allowed to stack.

Permitting the plaintiff in this case to stack the UIM coverages under the Baker and Stewart policies comports with the avowed purpose of the Financial Responsibility Act. Namely, "to compensate the innocent victims of financially irresponsible motorists." *Sutton,* 325 N.C. at 265, 382 S.E.2d at 763. This objective will not be achieved if insurance carriers are permitted to limit an injured insured's recovery to the maximum amount under one of the applicable policies of insurance. The statute is remedial in nature and is to be "liberally construed so that the beneficial purpose intended by its enactment may be accomplished." *Id.* (citation omitted). In keeping with that purpose, we find that the trial court did not err in permitting the non-owner plaintiff to stack the UIM coverages under the Baker and Stewart policies.

MITCHELL v. NATIONWIDE INS. CO.

[110 N.C. App. 16 (1993)]

## II.

[3] Defendant secondly contends that it is entitled to a credit against the $50,000 in UIM coverage provided under the Baker policy for the $50,000 already paid to plaintiff under the Lopez and Stewart policies. Defendant argues that when the $50,000 UIM coverage under the Baker policy is offset by the $50,000 already paid to the plaintiff, plaintiff is entitled to no further payments.

The trial judge herein, concluded in his judgment that

[t]here was a total of $100,000 underinsured motorist coverage available from the Stewart policy and from the Baker policy at the time of the accident. To date, the Plaintiff has been paid the sum of $50,000 under the tortfeasor Lopez's policy and under the Stewart policy, which sum should be deducted from the aggregate total leaving a balance of $50,000.

We agree with the reasoning and the mathematics employed by the trial judge, and therefore affirm his judgment on this issue.

Affirmed.

Judge EAGLES concurs.

Judge ORR dissents in a separate opinion.

Judge ORR dissenting.

Based upon the majority opinion in *Harrington v. Stevens*, 107 N.C. App. 730, 421 S.E.2d 605 (1992), I respectfully dissent. Despite the effort to distinguish *Harrington* by the majority in the case *sub judice*, it is my view that the law as articulated by Judge Greene in *Harrington* controls the decision in this case.