370 S.E.2d 258 (1988)
90 N.C. App. 746
George L. PROCTOR, Administrator of the Estate of Joyce Batts Proctor
v.
NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY and Bobby F. Jones, Administrator C.T. A. of the Estate of William Gray Edwards, Jr.
No. 887SC119.
Court of Appeals of North Carolina.
July 19, 1988.
Bridgers, Horton & Rountree by Charles S. Rountree, III, Tarboro, for plaintiff-appellee.
Poyner & Spruill by Diane Dimond, Rocky Mount, and Mary Beth Forsyth Johnston, Raleigh, for defendant-appellant.
BECTON, Judge.
Plaintiff, George L. Proctor, acting in his capacity as Administrator of the Estate of Joyce Batts Proctor, brought this action to recover underinsured motorist insurance proceeds from defendant, North Carolina Farm Bureau Mutual Insurance Company (Farm Bureau). The trial judge granted plaintiff's motion for summary judgment and awarded him $75,000the amount by which plaintiff's decedent's maximum liability insurance coverage exceeded that of the negligent driver. Defendant appeals. We affirm.

I
Plaintiff's decedent, Joyce Batts Proctor, was killed on 27 September 1984 when her vehicle (owned by Country Manor Antiques, of which she was a partner) was struck head-on by one driven by William Gray Edwards, Jr. Edward's estate paid Proctor's estate an advance of $20,000. Edward's policy liability limit was $25,000. Proctor's estate was damaged in excess of $100,000. The policy Country Manor Antiques had with defendant Farm Bureau contained uninsured motorist coverage with limits of $25,000 per person and $100,000 per accident, and liability coverage with limits of $100,000 per person and $300,000 per accident. However, the policy did not provide underinsured motorist (or UIM) coverage. Rather, the owner was informed that UIM coverage would be provided only if the owner requested it.
The North Carolina Financial Responsibility Act, at N.C.Gen.Stat.Sec. 20-279.21(b)(4) (1983), mandates UIM coverage for policies that exceed the minimum liability limits and that afford uninsured motorist coverage as provided elsewhere in Section 21, in an amount "not to exceed the policy *259 limits for automobile bodily injury liability as specified in the owner's policy," unless such coverage is rejected by the insured. By requiring the policy holder in the instant case to specifically request UIM coverage, Farm Bureau failed to comply with Section 20-279.21(b)(4). The statutory coverage is thus written into the Farm Bureau policy by operation of law. The sole question presented by this appeal then is what amount of coverage the statute provided.

II
Section 20-279.21(b)(4) (1983) does not specify the UIM coverage to be provided when the insurance policy fails to do so. The Statute provides only that the UIM coverage may not exceed the policy liability limits. Farm Bureau argues that because the policy provided no UIM coverage, and because $50,000 was the minimum UIM coverage available during the policy period, plaintiff should receive only $50,000 of coverage under the Statute. Plaintiff contends, on the other hand, that coverage should be fixed at an amount equal to the policy liability limit which was $100,000.
When filling such statutory voids, our decisions are guided by statutory history, the goals and purposes of the legislation, and equity. We note at the outset that the primary purpose of the uninsured motorist and compulsory motor vehicle liability insurance required by North Carolina's Financial Responsibility Act is to compensate innocent victims who have been injured by financially irresponsible motorists. See Moore v. Hartford Fire Ins. Co., 270 N.C. 532, 155 S.E.2d 128 (1967). The same concern guides underinsured motorist protection as well. Furthermore, the Act is to be liberally construed so that the beneficial purpose intended by its enactment may be accomplished. Moore; South Carolina Ins. Co. v. Smith, 67 N.C. App. 632, 313 S.E.2d 856, cert. denied, 311 N.C. 306, 317 S.E.2d 682 (1984). This general purpose is fulfilled by applying either amount of coverage because in either instance, plaintiff's estate will receive protection not provided by the policy.
Our research has revealed nothing to suggest what amount was intended by the legislature when it first enacted subsection (b)(4). However, subsection (b)(4) was amended effective 1 October 1985 to provide UIM coverage "in an amount equal to the policy limits for automobile bodily injury liability as specified in the owner's policy." N.C.Gen.Stat.Sec. 20-279.21(b)(4) (Interim Supp.1986). Although subsequent amendments shed little light on prior legislative intent, it is noteworthy that the amendment was consistent with the legislature's preference toward making UIM coverage a function of the policy liability coverage. See Driscoll v. USLIC, 90 N.C. App. 569, 369 S.E.2d 110 (1988). Indeed, the unspecified amount in the 1983 version of Subsection (b)(4) is nonetheless related to the policy liability coverage because it may not exceed such coverage.
Farm Bureau argues that the equities favor establishing UIM coverage at the minimum coverage available. They argue that plaintiff is receiving coverage for which no one paid and, in light of the fact that the owner chose the lowest available uninsured motorist protection, that plaintiff may now receive coverage that the owner would not have chosen even had the option been properly presented. This argument by Farm Bureau misses the mark. The Statute alone provides coverage in this instance, and in our view, the coverage must be a function of liability coverage. Moreover, Farm Bureau's argument that the statutory UIM coverage should be based on Farm Bureau's $50,000 minimum amount of UIM coverage loses all force if the policy holder selects any amount above the minimum required liability coverage of $25,000 but less than $50,000. In such a situation, the Statute would mandate coverage in the amount of the liability coverage, not the $50,000 underinsured minimum. Proctor's liability coverage was $100,000. Thus, we hold that her UIM coverage as provided by N.C.Gen.Stat.Sec. 20-279.21(b)(4) is equal to her liability coverage.
Judgment is affirmed.
*260 PHILLIPS, J., concurs.
WELLS, J., dissents.
WELLS, Judge, dissenting.
As Joyce Batts Proctor did not contract or pay for any underinsured coverage, I would hold that defendant should be liable only for the then statutorily required minimum coverage of $50,000.00, and I therefore dissent.