PROCTOR v. N.C. FARM BUREAU MUTUAL INS. CO.

[107 N.C. App. 26 (1992)]

GEORGE L. PROCTOR, ADMINISTRATOR OF THE ESTATE OF JOYCE BATTS PROCTOR, PLAINTIFF v. NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY AND BOBBY F. JONES, ADMINISTRATOR C.T.A. OF THE ESTATE OF WILLIAM GRAY EDWARDS, JR., DEFENDANTS

No. 917SC714

(Filed 21 July 1992)

1. **Insurance § 532 (NCI4th) — underinsured motorist coverage — interpolicy stacking before 1985 amendment of statute**

Plaintiff was entitled to engage in interpolicy stacking of underinsured motorist coverages under two automobile insurance policies covering plaintiff's decedent for an accident that killed plaintiff's decedent prior to the 1985 amendment to N.C.G.S. § 20-279.21(b)(4), which added an interpolicy stacking requirement, even though one policy contained language limiting the amount of coverage to the maximum of only one applicable policy, since interpolicy stacking was contemplated by the statute prior to 1985 and was only clarified by the 1985 amendment.

**Am Jur 2d, Insurance § 1464.**

2. **Insurance § 532 (NCI4th) — underinsured motorist coverage — intrapolicy stacking before 1985 amendment of statute**

Plaintiff was entitled to engage in intrapolicy stacking of underinsured motorist (UIM) coverages for each of three vehicles insured under a policy covering plaintiff's decedent at the time she was killed in an accident in 1984 even though the policy contains contrary language and N.C.G.S. § 20-279.21(b)(4) did not specifically provide for stacking of UIM coverages at that time, since intrapolicy stacking of UIM coverages was required by public policy prior to the 1985 amendment to the statute which allowed stacking.

**Am Jur 2d, Insurance § 1464.**

Judge GREENE dissenting.

APPEAL by defendant North Carolina Farm Bureau Mutual Insurance Company from Judgment entered 17 May 1991 by *Judge James R. Strickland* in EDGECOMBE County Superior Court. Heard in the Court of Appeals 13 May 1992.

*Bridgers, Horton & Rountree, by Charles S. Rountree, for plaintiff appellee.*

*Poyner & Spruill, by George L. Simpson III, for North Carolina Farm Bureau Mutual Insurance Company, defendant appellant.*

COZORT, Judge.

Defendant North Carolina Farm Bureau Mutual Insurance Company ("Farm Bureau") appeals from the trial court's entry of summary judgment for plaintiff which determined plaintiff was entitled to engage in both interpolicy and intrapolicy stacking of underinsured motorist ("UIM") coverage. Defendant argues the trial court improperly ordered stacking of the policies in the present case because the accident in question occurred prior to an amendment to N.C. Gen. Stat. § 20-279.21(b)(4) which now imposes an insurance stacking requirement. We disagree with defendant's contentions and thus affirm.

The facts of the case below are undisputed. The plaintiff's wife, Joyce Batts Proctor, was killed in an automobile accident on 27 September 1984 when another vehicle struck her automobile in her lane of travel. The driver of the other automobile, William Gray Edwards, Jr., also died as a result of the accident. Plaintiff's decedent was driving a van owned by Country Manor Antiques ("Country Manor"), a business partnership of which she was a partner. The wrongful death of Mrs. Proctor was caused by the negligence of Mr. Edwards. Edwards held an automobile liability insurance policy issued by State Farm Mutual Insurance Company ("State Farm") which provided liability coverage maximum limits for bodily injury or wrongful death of $25,000 per person and $50,000 per accident. State Farm paid one-third of its $50,000 limit to plaintiff and the remaining amount was paid to other injured parties. In addition, the Edwards estate paid plaintiff one-third of $10,000 to plaintiff. The payments exhausted all liability insurance proceeds and all assets of the Edwards estate available to satisfy any judgment that plaintiff could obtain for his wife's death.

The plaintiff's decedent was covered by two automobile insurance policies; both were issued by defendant Farm Bureau. One policy was a business policy issued to Country Manor. The Country Manor policy had maximum liability coverage limits for bodily injury or wrongful death of $100,000 per person and $300,000 per accident. The other policy was a personal policy held by plaintiff,

George L. Proctor. The Proctor policy listed Joyce Proctor as a family member and insured three vehicles belonging to the Proctors. Both the Country Manor policy and the Proctor policy recited that UIM coverage would not be provided unless the insured specifically requested it. However, neither plaintiff, plaintiff's decedent, nor Country Manor rejected UIM coverage. Defendant therefore conceded that UIM coverage was provided in both policies pursuant to N.C. Gen. Stat. § 20-279.21(b)(4), despite the fact that premiums had never been paid for such coverage.

The parties disagreed as to the appropriate amount of UIM coverage; consequently, plaintiff filed an action on 18 September 1986 with a claim against Farm Bureau pursuant to both the Country Manor and Proctor policies. The parties treated the claim as a declaratory judgment action to determine the coverage question and filed cross-motions for summary judgment. The motions at that point dealt solely with the Country Manor policy and made no mention of the Proctor policy. The trial court granted summary judgment for plaintiff and ordered Farm Bureau to pay plaintiff the sum of $75,000 (representing the $100,000 UIM limit, minus a credit for State Farm's $25,000 liability limit). Defendant Farm Bureau appealed; the trial court was affirmed in *Proctor v. North Carolina Farm Bureau Mut. Ins. Co.*, 90 N.C. App. 746, 370 S.E.2d 258 (1988) and in 324 N.C. 221, 376 S.E.2d 761 (1989).

Subsequent to the *Proctor* decision, plaintiff filed a motion for partial summary judgment in which he contended he was now permitted to stack the coverage for the three vehicles covered in the Proctor policy for an additional $300,000 in UIM coverage. Farm Bureau filed a cross-motion for partial summary judgment, contending that plaintiff could not engage in either interpolicy or intrapolicy stacking of UIM coverage. For purposes of the motion hearing only, the parties stipulated that the damages to the estate of Mrs. Proctor exceeded $400,000. The trial court granted plaintiff's motion and denied Farm Bureau's motion, holding that plaintiff was entitled to stack the coverage from the Proctor policy in both an interpolicy and intrapolicy manner providing an additional $300,000 in coverage. Defendant Farm Bureau filed timely notice of appeal. We affirm.

[1] The first issue we must decide is whether the trial court erred in permitting plaintiff to engage in interpolicy stacking by stacking the coverage from the Proctor policy onto the coverage

of the Country Manor policy. Farm Bureau contends that because the accident giving rise to the claim occurred prior to the enactment of the 1985 amendment to N.C. Gen. Stat. § 20-279.21(b)(4), which added an interpolicy stacking requirement, the insurance policy controls. At the time of the accident, the statute in effect provided:

> [Automobile liability insurance policies] shall . . . provide underinsured motorist coverage, to be used only with policies that are written at limits that exceed those prescribed by subdivision (2) of this section and that afford uninsured motorist coverage as provided by subdivision (3) of this subsection, but not to exceed the policy limits for automobile bodily injury liability as specified in the owner's policy.

N.C. Gen. Stat. § 20-279.21(b)(4) (1983). The Proctor policy included a provision relating to *uninsured* motorist ("UM") coverage which stated, "If this policy and any other auto insurance policy issued to you apply to the same accident, the maximum limit of liability for your injuries under all the policies shall not exceed the highest applicable limit of liability under any one policy." Farm Bureau contends this limitation applies to both UM and UIM coverage. However, we need not decide whether this qualifier applies to Joyce Proctor because the statute even prior to the 1985 amendment permits interpolicy stacking. In *Sproles v. Greene*, 100 N.C. App. 96, 394 S.E.2d 691 (1990), *aff'd in part, rev'd in part on other grounds*, 329 N.C. 603, 407 S.E.2d 497 (1991), we addressed the identical issue with respect to interpolicy stacking. The accident leading to the claims in *Sproles* occurred in 1984, prior to the 1985 revision of N.C. Gen. Stat. § 20-279.21(b)(4). The plaintiff in *Sproles* was an insured under two different policies providing UIM coverage. One of the policies was issued by Travelers Indemnity Insurance Company ("Travelers"), and the other was issued by United States Fidelity and Guaranty Company ("USF&G"). The USF&G policy included a provision identical to that in the case at bar which limited the amount of coverage to the maximum of only one applicable policy. This Court, striking USF&G's contention that plaintiff's recovery was limited, explained:

> This policy provision conflicts with G.S. 20-279.21(b)(4) and is therefore unenforceable. In addition to making the underinsured motorist coverage limits in an automobile policy the same as the liability limits, unless the policyholder rejects the coverage, *Proctor v. North Carolina Farm Bureau Mutual*

*Insurance Company,* 324 N.C. 221, 376 S.E.2d 761 (1989), G.S. 20-279.21(b)(4) requires that multiple underinsured motorist coverage available to an innocently injured accident victim be stacked or aggregated. *Sutton v. Aetna Casualty & Surety Co.,* 325 N.C. 259, 382 S.E.2d 759, *reh'g denied,* 325 N.C. 437, 384 S.E.2d 546 (1989). This statutory mandate would avail nothing if insurance carriers could limit an injured insured's recovery to the maximum amount due under one policy.

*Sproles,* 100 N.C. App. at 108, 394 S.E.2d at 698. Farm Bureau alleges this Court in *Sproles* inadvertently "overlooked the fact that the accident in question occurred in 1984, before the 1985 revision was enacted," since "the court's reference to a 'statutory mandate' for stacking . . . make[s] no sense." We find that *Sproles* served to recognize only what *Sutton v. Aetna Casualty & Surety Co.,* 325 N.C. 259, 382 S.E.2d 759, *reh'g denied,* 325 N.C. 437, 384 S.E.2d 546 (1989), voiced explicitly, that interpolicy stacking pursuant to N.C. Gen. Stat. § 20-279.21(b)(4) was contemplated prior to 1985, and was only clarified by the later amendment. *See, Proctor,* 324 N.C. at 224-25, 376 S.E.2d at 763-64. Our interpretation of the statute at the time of the accident "provide[s] the innocent victim with the fullest possible protection." *Id.* at 225, 376 S.E.2d at 764. For these reasons, we find the trial court did not err in allowing the interpolicy stacking between the Country Manor policy and the Proctor policy.

We note the amount of coverage provided by the Proctor policy is dictated by the *Proctor* case, which determined the Country Manor policy had UIM coverage equal to the liability policy covering the victim. *See also, Sproles,* 100 N.C. App. at 101, 394 S.E.2d at 694. As with the Country Manor policy, the plaintiff's decedent was a named insured and UIM coverage was not rejected. The maximum liability coverage for wrongful death was $100,000 per person and $300,000 per vehicle. The amount of UIM coverage with respect to the Proctor policy therefore equalled $100,000 as to Joyce Proctor.

[2] The above determination leads us to the second issue, whether the trial court erred in allowing plaintiff to stack coverage of three vehicles on an intrapolicy basis to total $300,000 in UIM coverage. The Proctor policy covered three vehicles; three separate premiums were paid. Farm Bureau again argues that neither the 1983 version of N.C. Gen. Stat. § 20-279.21(b)(4) nor the *Sutton* decision requires

intrapolicy stacking in the present case. The Proctor policy incorporated a limitation of liability in the section discussing UM coverage; Farm Bureau contends this limitation also applies to the unstated UIM coverage. The section provides:

> The limit of bodily injury liability shown in the Declarations for "each person" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident. Subject to this limit for "each person," the limit of bodily injury liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury resulting from any one accident. . . . This is the most we will pay for bodily injury and **property damage** regardless of the number of:
>
> 1. **Covered persons**;
>
> 2. Claims made;
>
> 3. *Vehicles or premiums shown in the Declarations*; or
>
> 4. Vehicles involved in the accident.

(Emphasis added.) Farm Bureau argues the above provision controls the present case since the 1983 version of N.C. Gen. Stat. § 20-279.21(b)(4) does not impute a stacking requirement, and because the *Sutton* case was decided based solely on the 1985 amendment. We disagree.

In *Sutton*, our Supreme Court decided that N.C. Gen. Stat. § 20-279.21(b)(4) (1983 & Cum. Supp. 1988), required both interpolicy and intrapolicy UIM stacking despite insurance policy language to the contrary. The *Sutton* court in part relied upon the 1985 statutory amendment, however, other public policy reasons were cited as being the basis for allowing intrapolicy stacking of UIM coverage. Some of the public policies cited in *Sutton* are that stacking: (1) "enhances the injured party's potential for full recovery of all damages"; (2) "prevents the 'anomalous situation that an insured is better off—for purposes of the underinsured motorist coverage—if separate policies were purchased for each vehicle'"; (3) "gives the insured due consideration for the separate premiums paid for each UIM coverage within a policy"; and (4) "is consistent with our preexisting common law by which automobile insurance

policies have been construed to require intrapolicy stacking of medical payments coverage . . . ." *Sutton*, 325 N.C. at 267, 382 S.E.2d at 764 (citations omitted).

Furthermore, the reasoning applied in both the *Proctor* and *Sproles* cases reveals that intrapolicy stacking in the present case comports with current law. Based on *Sutton*, *Proctor*, and *Sproles*, we therefore conclude the plaintiff is permitted to stack the UIM coverages for the three vehicles listed in the Proctor policy. The total amount available to plaintiff pursuant to the Proctor policy is therefore $300,000. The judgment of the trial court is

Affirmed.

Judge PARKER concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I disagree with the conclusion of the majority that the plaintiff is entitled to stack the underinsured coverage in the Farm Bureau policy issued to George Proctor (Proctor policy) with the underinsured coverage in the Farm Bureau policy issued to Country Manor Antiques (Country Manor policy). I also disagree with the majority that the plaintiff is entitled to stack the underinsured coverages on the three vehicles insured in the Proctor policy.

On 27 September 1984, the date of the accident, N.C.G.S. § 20-279.21(b)(4) was silent on the right of an insured or owner to stack multiple underinsurance coverages. The statute only required that insurance companies make available underinsurance coverage in an amount "not to exceed the policy limits for automobile bodily injury liability as specified in the owner's policy." N.C.G.S. § 20-279.21(b)(4) (1983). Underinsured coverage was not statutorily required. *Id.* Furthermore, the courts cannot, when a statute is silent on an issue, insert into the statute under the guise of sound public policy, language not contained therein. *State v. Camp*, 286 N.C. 148, 152, 209 S.E.2d 754, 757 (1974). Therefore, because underinsured motorists coverage was not mandated by statute and because the statute was silent on the stacking issue, whether stacking was permitted in 1984 is controlled by the policy of insurance. *Allis v. Nationwide Mut. Ins. Co.*, 88 N.C. App. 595, 597, 363 S.E.2d

880, 882 (1988). Our courts have consistently held that in the absence of a statute requiring otherwise, unambiguous policy language may prohibit stacking of insurance coverages. *Woods v. Nationwide Mut. Ins. Co.*, 295 N.C. 500, 508-09, 246 S.E.2d 773, 779-80 (1978); *Hamilton v. Travelers Indem. Co.*, 77 N.C. App. 318, 323-24, 335 S.E.2d 228, 232 (1985), *disc. rev. denied*, 315 N.C. 587, 341 S.E.2d 25 (1986).

## Interpolicy Stacking

In the section of the Proctor policy relating to "uninsured" coverage, which includes "underinsured" coverage, the policy provides:

> If this policy and any other auto insurance issued to you apply to the same accident, the maximum limit of liability for your injuries under all the policies shall not exceed the highest applicable limit of liability under any one policy.

There is no dispute that both the Proctor and the Country Manor policies apply to the accident in question and thus provide underinsurance coverage to Joyce Batts Proctor (Mrs. Proctor). The issue in this case, under the terms of the Proctor policy, is whether the Country Manor policy was "any other auto insurance issued" to Mrs. Proctor. Because Mrs. Proctor was a partner in Country Manor Antiques, the owner of the Country Manor policy, that policy was issued to her. Therefore, under the plain language of the Proctor policy, plaintiff is not entitled to interpolicy stack the underinsured coverages under both the Proctor policy and the Country Manor policy.

## Intrapolicy Stacking

The Proctor policy provides:

> The limit of bodily injury liability shown in the Declarations for "each person" for [uninsured and underinsured] Motorists Coverage is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident. . . . This is the most we will pay for bodily injury and property damage regardless of the number of . . . [v]ehicles or premiums shown in the Declarations. . . .

This policy language, read in conjunction with the Declarations, provides that the underinsured limit of liability is $100,000, although the policy provided underinsurance coverage on three separate vehicles. Accordingly, the plaintiff is not entitled to stack the underin-

IN RE WILL OF JARVIS

[107 N.C. App. 34 (1992)]

sured coverages on the three vehicles insured in the Proctor policy. *Cf. Hamilton*, 77 N.C. App. at 324, 335 S.E.2d at 232 (uninsured coverage stacking prohibited where policy contained clear language).

Plaintiff argues that prohibiting the stacking of underinsured coverages in this instance allows the insurance company to collect a premium in exchange for nothing. Although "it appears that the plaintiff is correct in this argument . . . it does not justify [the court] rewriting the policy." *Davidson v. United States Fidelity and Guar. Co.*, 78 N.C. App. 140, 143, 336 S.E.2d 709, 711, *aff'd per curiam*, 316 N.C. 551, 342 S.E.2d 523 (1986) (refusing to modify policy language where underinsurance motorist coverage was no benefit to insured). The issuance of such a policy of insurance may however justify an action by an insured against the insurance company and its agent for fraud, unfair and deceptive trade practice, and negligence. *See Davidson v. Knauff Ins. Agency*, 93 N.C. App. 20, 376 S.E.2d 488, *disc. rev. denied*, 324 N.C. 577, 381 S.E.2d 772 (1989).

I would therefore reverse the order of the trial court and remand for entry of summary judgment for defendant insurance company.