TIMOTHY B. WIGGINS v. NATIONWIDE MUTUAL INSURANCE COMPANY,
ROBERT GARDNER, BILL HOLLAR, AND D. R. ARNEY

No. 9210SC531

(Filed 21 September 1993)

1. **Insurance § 532 (NCI4th) — UIM limits required to equal bodily injury limits**

    Since N.C.G.S. § 20-279.21(b)(4) (1983) required UIM limits to equal bodily injury liability limits, the applicable UIM coverage was $100,000 rather than $50,000 as the policy itself provided.

    **Am Jur 2d, Automobile Insurance § 293.**

2. **Insurance § 528 (NCI4th) — plaintiff as non-owner, non-family member — no intrapolicy stacking of UIM coverage**

    It was error for the trial court to allow plaintiff to stack the UIM coverage of two vehicles listed in the automobile owner's insurance policy on an intrapolicy basis, since plaintiff was only "occupying" one of the vehicles at the time of the accident, and N.C.G.S. § 20-279.21(b)(3) does not provide for intrapolicy stacking of the coverages under the policy because as a non-owner, non-family member passenger in the vehicle, plaintiff was a Class II insured under the owner's policy, and coverage for a Class II insured is tied only to the vehicle occupied by the injured at the time of the accident.

    **Am Jur 2d, Automobile Insurance §§ 322, 326, 329.**

3. **Insurance § 528 (NCI4th) — policy owned by plaintiff — intrapolicy stacking allowed**

    In spite of policy language to the contrary, plaintiff was permitted to intrapolicy stack the UIM coverage for the two vehicles listed in his own policy so that the total amount of coverage available to him pursuant to his policy was $200,000.

    **Am Jur 2d, Automobile Insurance §§ 326, 329.**

4. **Insurance § 528 (NCI4th) — UIM coverage — interpolicy stacking allowed prior to amendment of statute**

    There was no merit to defendant insurance company's contention that because the accident giving rise to the claim occurred prior to the enactment of the 1985 amendment to

N.C.G.S. § 20-279.21(b)(4), which added an interpolicy stacking requirement, the insurance policy controlled, since the North Carolina Supreme Court has held that interpolicy stacking pursuant to the statute was contemplated prior to 1985 and was only clarified by the amendment.

**Am Jur 2d, Automobile Insurance §§ 326, 329.**

5. **Insurance § 530 (NCI4th) — payments under one UIM policy — no credit under another UIM policy**

    Defendant insurance company was not entitled to a credit under one UIM policy for payments made under another UIM policy.

**Am Jur 2d, Automobile Insurance §§ 293, 298.**

6. **Insurance § 528 (NCI4th) — UIM coverage — plaintiff entitled to recover costs and prejudgment interest**

    In an action to recover on UIM policies, plaintiff was entitled to recover costs and prejudgment interest from defendant insurer.

**Am Jur 2d, Automobile Insurance § 428.**

Appeal by defendants from order for partial summary judgment entered 6 February 1992 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 27 April 1993.

*LeBoeuf, Lamb, Leiby & MacRae, by Peter M. Foley and Stephanie Hutchins Autry, for the defendant-appellant Nationwide Mutual Insurance Company.*

*Blanchard, Twiggs, Abrams, & Strickland, P.A., by Douglas B. Abrams and Jerome P. Trehy, Jr., for plaintiff-appellee.*

WYNN, Judge.

This action arose out of an automobile accident occurring on 13 April 1984. Plaintiff, Timothy Wiggins, was injured while riding as a passenger in a Volkswagen owned and operated by Kathryn Crowe (Crowe vehicle). The Crowe vehicle was struck by an automobile owned and operated by Joseph Stone, the tortfeasor. At the time of the accident, plaintiff was the named insured under a policy issued by Nationwide Mutual Ins. Co. (Nationwide),

providing underinsured motorist coverage (UIM) in the amount of $50,000 per person/$100,000 per accident on two separate vehicles (Wiggins Policy). The Crowe vehicle also was insured by Nationwide under a policy issued to Robert and Eleanor Crowe (Crowe Policy). The Crowe vehicle was one of two vehicles listed on the Crowe policy which provided UIM coverage in the amount of $100,000 per person/$300,000 per accident. Stone was insured by Reliance Insurance Company (Reliance) under a policy providing $25,000 per person for bodily injury (Stone policy).

Plaintiff filed a negligence action against the tortfeasor, Stone, seeking damages for personal injuries suffered in the automobile accident. Reliance paid plaintiff its $25,000 policy limit prior to trial. The case was tried before a jury and the jury found plaintiff's injuries were caused by Stone's negligence and held plaintiff entitled to recover $160,000 for personal injuries. A judgment was entered against Stone for that amount plus costs and prejudgment interest from the date of the filing of the complaint, 2 April 1987.

Thereafter, plaintiff brought this action against Nationwide and three of Nationwide's employees, Robert Gardner, Bill Hollar, and D.R. Arney. The complaint alleged breach of contract and bad faith by Nationwide and alleged negligence and unfair and deceptive trade practices by all defendants. Nationwide thereafter paid plaintiff $82,167.15 ($75,000 plus post-judgment interest) representing the $100,000 UIM coverage under the Crowe policy, less the $25,000 paid under the Stone policy. Plaintiff and Nationwide both filed motions for judgment on the pleadings, partial summary judgment and motions to compel. The trial court granted plaintiff's motion for partial summary judgment as to paragraphs one and two of plaintiff's motion which alleged 1) that Nationwide is obligated to pay the entire judgment, plus costs, including interest on the entire judgment with a reduction for the $25,000 paid by the primary carrier; and 2) that the UIM coverage under both the Wiggins and Crowe policies issued by Nationwide must be aggregated, requiring both intra- and interpolicy stacking for the purpose of satisfying the judgment. The trial court denied the remainder of plaintiff's motion for partial summary judgment; held that the parties' respective motions to compel were moot; denied all other motions; and determined that Nationwide owed UIM coverage to the plaintiff under the Wiggins and Crowe policies. In ordering payment, the trial court stated:

Nationwide is obligated to pay the entire judgment, plus costs, including interest on the entire judgment . . . with a reduction for the $25,000 previously paid by the primary carrier and with a reduction for the $82,167.15 paid by the Defendant Nationwide as a partial satisfaction of the judgment obtained in the underlying action, which payment was made under the Crowe Policy . . .

(4) The Partial Payment by the Defendant Nationwide made on July 19, 1991, in the amount of $82,167.15 is allocated first to the outstanding interest, as of that date, in the amount of $46,010.94; making a payment of principal in the amount of $36,156.21; and with the outstanding balance as of July 19, 1991 being $98,843.79; and with legal interest of 8% running on that principal balance from July 19, 1991 until the judgment is paid in full.

Nationwide appeals from entry of the trial court's order. We affirm.

The issues we confront include: 1) whether the UIM coverage under the plaintiff's policy was equal to the bodily injury liability limits under the same policy; 2) whether the UIM coverage for two vehicles in an owner, Class I insured's policy is subject to intrapolicy stacking; 3) whether the UIM coverage for two vehicles in a policy may be intrapolicy stacked for the benefit of a non-owner Class II insured; 4) whether the UIM coverage for a Class I insured under one policy may be interpolicy stacked with the UIM coverage under another policy in which the party is a Class II insured; and 5) whether the UIM carrier is obligated to pay prejudgment interest on the compensatory damages award of the jury in the underlying tort action by its insured against the tortfeasor.

---

In determining "whether insurance coverage is provided by a particular automobile liability insurance policy, careful attention must be given to the type of coverage, the relevant statutory provisions, and the terms of the policy." *Smith v. Nationwide Mut. Ins. Co.*, 328 N.C. 139, 142, 400 S.E.2d 44, 47, *reh'g denied*, 328 N.C. 577, 403 S.E.2d 514 (1991). *Mitchell v. Nationwide Ins. Co.*, 110 N.C. App. 16, 429 S.E.2d 351, *rev. allowed*, 334 N.C. 164, 432 S.E.2d 363 (1993). In the present case, the type of coverage at issue is UIM coverage. The relevant statute is N.C.G.S. § 120-279.21(b)(4) (1983).

WIGGINS v. NATIONWIDE MUTUAL INS. CO.

[112 N.C. App. 26 (1993)]

We note initially that plaintiff is entitled to coverage under both of the policies pursuant to the policy language. The Wiggins and the Crowe policies, both of which were issued by Nationwide, contain definitions of certain terms used throughout the policy, including:

"you" and "your" refer to:

1. The "named insured" shown in the Declarations;

and

2. The spouse if a resident of the same household.

Part D, the uninsured and UIM coverage section of the policies provides:

We will pay damages which a **covered person** is legally entitled *to recover from the owner or operator of an* [underinsured] motor vehicle because of:

1. Bodily injury sustained by a **covered person** and caused by an accident;

. . . .

"**Covered person**" as used in this Part means:

1. You or any **family member.**

2. Any *other person* **occupying:**

a. **your covered auto;** or

b. any other auto operated by you.

Plaintiff is covered under the Wiggins policy because he is the named insured and owns the policy. In addition, he is covered under the Crowe policy because he was "occupying" the Crowe vehicle at the time of the accident.

I.

[1] Nationwide contends that the UIM limit under the Wiggins policy is $50,000 per person as the policy provides. Plaintiff argues in response that the statute requires UIM limits to equal bodily injury liability limits, which under the Wiggins policy were $100,000; therefore, the applicable UIM coverage policy was $100,000 rather than $50,000. We agree with Plaintiff's response.

When a statute is applicable to the terms of an insurance policy, the provisions of the statute become terms of the policy, as if written into it. If the terms of the statute and the policy conflict, the statute prevails. *Sutton v. Aetna Cas. & Sur. Co.*, 325 N.C. 259, 263, 382 S.E.2d 759, 762, *reh'g denied*, 325 N.C. 437, 384 S.E.2d 546 (1989).

At the time of the accident, the statute in effect provided:

[Automobile liability insurance policies] shall . . . provide underinsured motorist coverage, to be used only with policies that are written at limits that exceed those prescribed by subdivision (2) of this section and that afford uninsured motorist coverage as provided by subdivision (3) of this subsection, but not to exceed the policy limits for automobile bodily injury liability as specified in the owner's policy.

N.C.G.S. § 20-279.21(b)(4) (1983).

This statute was amended in 1985 to require that unless rejected by the policyholder, each automobile insurance policy issued in this state must have UIM coverage in the same amount as the personal injury liability coverage. The North Carolina Supreme Court thereafter held that the amendment merely clarified legislative intent and therefore the 1983 version of the statute, though not as clearly written, meant the same thing. *Proctor v. N.C. Farm Bureau Mut. Ins. Co.*, (*Proctor I*), 324 N.C. 221, 225, 376 S.E.2d 761, 764 (1989). *See also Sproles v. Greene*, 100 N.C. App. 96, 394 S.E.2d 691 (1990), *aff'd in part, rev'd on other grounds*, 329 N.C. 603, 407 S.E.2d 497 (1991). The UIM coverage under the Wiggins policy was therefore $100,000 for each of the two vehicles listed on the policy.

II.

[2] We next consider whether it was error for the trial court to allow plaintiff to stack the coverage of two vehicles listed in the Crowe policy on an intrapolicy basis. As a "covered" person, plaintiff is entitled to the $100,000 in UIM coverage under the Crowe policy. The policy language does not, however, entitle plaintiff to intrapolicy stack the UIM coverage on the two vehicles listed under the Crowe policy because he was only "occupying" the Volkswagen at the time of the accident.

In addition, the statute does not provide for intrapolicy stacking of the coverages under the Crowe policy because as a non-owner, non-family member passenger in the Crowe vehicle, plaintiff is a Class II insured under the Crowe policy.

N.C.G.S. § 20-279.21(b)(3) establishes two classes of " 'persons insured:' (1) the named insured and, while resident of the same household, the spouse of the named insured and relatives of either and (2) any person who uses with the consent, express or implied, of the named insured, the insured vehicle, and a guest in such vehicle." *Crowder v. N.C. Farm Bureau Mut. Ins. Co.*, 79 N.C. App. 551, 554, 340 S.E.2d 127, 129-30, *disc. rev. denied*, 316 N.C. 731, 345 S.E.2d 387 (1986). In Class I, a person is insured whether or not the insured vehicle is involved in the injuries. *Id.* at 554, 340 S.E.2d at 130. UIM coverage for a Class II insured is tied to the vehicle occupied by the injured at the time of the accident. As a result, plaintiff has no coverage under the portion of the Crowe policy tied to the other list vehicle and there are no coverages to stack under the Crowe policy. Rather plaintiff is entitled to the UIM coverage only for the Volkswagen he was occupying at the time of the accident. *Nationwide Mut. Ins. Co. v. Silverman*, 332 N.C. 633, 423 S.E.2d 68 (1992). Therefore, the trial court's order granting summary judgment to the plaintiff on this issue was error.

### III.

[3]   The issue we next address is whether the UIM coverage of $100,000 per vehicle under the Wiggins policy was subject to intrapolicy stacking as the trial court ordered. Defendant argues that neither the policy language nor the 1983 version of N.C.G.S. § 20-279.21(b)(4) requires intrapolicy stacking in this case.

The Wiggins policy, like the Crowe policy, contains a limit of liability clause under the UIM provisions which provides:

The limit of bodily injury shown in the Declarations for "each person" for Uninsured Motorist Coverage is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident. . . . This is the most we will pay for bodily injury and property damage regardless of the number of:

WIGGINS v. NATIONWIDE MUTUAL INS. CO.

[112 N.C. App. 26 (1993)]

1. Covered persons;

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

(Emphasis omitted).

This exact policy language has appeared in previous opinions from the Supreme Court and this Court. Those opinions consistently have held that the relevant statute prevails over this policy language. *See Proctor v. N.C. Farm Bureau Ins. Co., (Proctor II)*, 107 N.C. App. 26, 31, 418 S.E.2d 680, 683, *disc. rev. denied on additional issues, appeal dismissed*, 333 N.C. 346, 426 S.E.2d 709 (1993); *Davis v. Nationwide Mut. Ins. Co.*, 106 N.C. App. 221, 415 S.E.2d 767, *disc. rev. denied*, 332 N.C. 343, 421 S.E.2d 146 (1992); *Sutton v. Aetna Cas. & Sur. Co.*, 325 N.C. 259, 382 S.E.2d 759, *reh'g denied*, 325 N.C. 437, 384 S.E.2d 546 (1989).

In *Proctor II*, Farm Bureau made the same argument Nationwide makes in this case. In rejecting Farm Bureau's argument, this Court stated:

In *Sutton*, our Supreme Court decided that N.C. Gen. Stat. 20-279.21(b)(4) (1983 & Cum. Supp. 1988), required both interpolicy and intrapolicy UIM stacking [for the benefit of a non-owner, named insured] despite insurance policy language to the contrary. The *Sutton* court in part relied upon the 1985 statutory amendment, however, other public policy reasons were cited as being the basis for allowing intrapolicy stacking of UIM coverage.

*Proctor II*, 107 N.C. App. at 31, 418 S.E.2d at 683.

As owner and named insured of the Wiggins policy, plaintiff is a Class I insured. Our courts have clearly established that a Class I insured may recover under the UIM provisions of a policy "even where the insured vehicle is not involved in the insured's injuries." *Crowder*, 79 N.C. App. at 554, 340 S.E.2d at 130. *See also Grain Dealers Mut. Ins. Co. v. Long*, 332 N.C. 477, 421 S.E.2d 142 (1992); *Bass v. N.C. Farm Bureau Mut. Ins. Co.*, 332 N.C. 109, 418 S.E.2d 221 (1992); *Harris v. Nationwide Mut. Ins. Co.*, 332 N.C. 184, 420 S.E.2d 124 (1992).

WIGGINS v. NATIONWIDE MUTUAL INS. CO.

[112 N.C. App. 26 (1993)]

Based on *Sutton*, *Proctor II*, and *Sproles*, we conclude that plaintiff is permitted to intrapolicy stack the coverage for the two vehicles listed under the Wiggins policy. The total amount of coverage available to plaintiff pursuant to the Wiggins policy is therefore $200,000.

## IV.

**[4]** Having found that plaintiff is entitled to intrapolicy stack the coverage under the Wiggins policy but not under the Crowe policy, we next determine whether the $100,000 applicable under the Crowe policy may be interpolicy stacked with the $200,000 of applicable coverage under the Wiggins policy.

Nationwide contends that because the accident giving rise to the claim occurred prior to the enactment of the 1985 amendment to N.C.G.S. § 20-279.21(b)(4), which added an interpolicy stacking requirement, the insurance policy controls. This identical issue was addressed with respect to interpolicy stacking by both this Court and the North Carolina Supreme Court. *Sutton*, 325 N.C. at 265, 382 S.E.2d at 763, *Proctor II*, 107 N.C. App. at 30, 418 S.E.2d at 683. In *Sutton* our Supreme Court "voiced explicitly, that interpolicy stacking pursuant to N.C.G.S. § 20-279.21(b)(4) was contemplated prior to 1985, and was only clarified by the later amendment." *Proctor II*, 107 N.C. App. at 30, 418 S.E.2d at 683.

It follows that the trial court did not err in allowing the interpolicy stacking between the Wiggins and Crowe policies.

## V.

**[5]** Nationwide next contends that it is entitled to a credit for the $75,000 it paid to plaintiff under the Crowe policy as well as the $25,000 paid under the Stone policy. Applying these credits, defendant contends that the coverage under the Wiggins policy is exhausted.

N.C.G.S. § 20-279.21(b)(4) (1983) provides in pertinent part that:

The insurer shall not be obligated to make any payment because of bodily injury to which underinsured motorist insurance coverage applies and that arises out of the ownership, maintenance, or use of an underinsured highway vehicle until after the limits of liability under all bodily injury bonds or insurance policies applicable at the time of the accident have

been exhausted by payment of judgments or settlements, and provided the limit of payment is only the difference between the limits of the liability insurance that is applicable and the limits of the underinsured motorist coverage as specified in the owner's policy.

Therefore, Nationwide is entitled to a credit of the $25,000 paid to Wiggins by Reliance, Stone's carrier. Nationwide, however, is not entitled to a credit of $75,000, the amount it paid under the Crowe policy. *Sproles* states that "an insured may collect under multiple underinsured motorist policies up to, but not more than, his actual loss and that a carrier having accepted a premium for underinsured motorist coverage may not deny coverage on the ground that other such insurance is available to the insured." *Sproles,* 100 N.C. App. at 103, 394 S.E.2d at 695. *See also Moore v. Hartford Fire Ins. Co.,* 270 N.C. 532, 543, 155 S.E.2d 128 (1967). Therefore, Nationwide is not entitled to a credit under one UIM policy for payments made under another UIM policy. *See Harrington v. Stevens,* 334 N.C. 586, 434 S.E.2d 212 (1993), *Dungee v. Nationwide Mut. Ins. Co.,* 108 N.C. App. 599, 424 S.E.2d 234, *disc. rev. denied,* 333 N.C. 537, 429 S.E.2d 555 (1993).

## VI.

[6] Nationwide next argues that the trial court erred in ruling that plaintiff is entitled to recover costs and prejudgment interest from Nationwide. The trial court ordered Nationwide to pay plaintiff the costs of the underlying action plus prejudgment interest on the judgment amount less the $25,000 paid by Reliance. In addition, the trial court allocated the $82,167.15 that Nationwide previously paid between the principal and interest.

Nationwide contends that under the policy language it has no contractual obligation to pay the prejudgment interest in this case. Both the Crowe and the Wiggins policies contain the following provisions in the UIM coverage sections:

We will pay damages which a covered person is legally entitled to recover from the owner or operator of an [underinsured] motor vehicle because of:

1. Bodily injury sustained by a covered person and caused by an accident; and

2. Property damage caused by an accident.

(Emphasis omitted).

Nationwide argues that "damages" does not include costs or interest. The North Carolina Supreme Court recently addressed this exact issue in *Baxley v. Nationwide Mut. Ins. Co.*, 334 N.C. 1, 430 S.E.2d 895 (1993). After a thorough examination of what is contemplated by the term "damages" the Court held that under the terms of the policy, Nationwide was obligated to pay prejudgment interest on the jury verdict up to its policy limits. As in *Baxley*, Nationwide in this case "promised to pay plaintiff's resulting damages, [thus] it must now do so up to, but not in excess of, its UIM policy limits." *Baxley*, 334 N.C. at 11, 430 S.E.2d at 901.

Based on the foregoing discussion, the decision of the trial court is:

REVERSED as to the trial court's order allowing intrapolicy stacking for the two Crowe vehicles, and

AFFIRMED in all other aspects.

Judges WELLS and GREENE concur.