445 S.E.2d 79 (1994)
115 N.C. App. 438
Phyllis Tant BRAY and Husband, Wilbur Glover Bray, Plaintiffs,
v.
NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Defendant.
No. 932SC517.
Court of Appeals of North Carolina.
July 5, 1994.
*80 G. Henry Temple, Jr., Raleigh, for plaintiffs-appellees.
Poyner & Spruill by George L. Simpson, III, and Randall R. Adams, Rocky Mount, for defendant-appellant.
WYNN, Judge.
On 10 July 1990, plaintiff Phyllis Tant Bray was injured in an accident while driving a 1985 Nissan automobile owned by her husband, plaintiff Wilbur Glover Bray. Mrs. Bray was struck by an automobile driven by Stacy Katherine Gold, an uninsured motorist. It is undisputed that Ms. Gold's negligence was the sole proximate cause of the accident.
The Brays' Nissan automobile was insured under a personal auto policy issued by Allstate Insurance Company (Allstate) in Mr. Bray's name which provided uninsured motorist (UM) coverage in the amount of $25,-000 per person/$50,000 per accident and medical payments coverage of $500. Mr. Bray also had two insurance policies with defendant North Carolina Farm Bureau Mutual Insurance Company (Farm Bureau) for his automobile repair business. The two policies, a business auto policy and a garage policy, both provided coverage up to $300,000 per person/per accident.
Plaintiffs brought an action against Ms. Gold seeking to recover damages for Mrs. Bray's personal injuries and Mr. Bray's loss of consortium. Plaintiffs served Allstate and Farm Bureau as their UM carriers pursuant to N.C.Gen.Stat. § 20-279.21(b)(3) and both insurance companies filed answers in Ms. Gold's name. Allstate then paid Mrs. Bray its $25,000 UM policy limit and its $500 medical payments limit and Mrs. Bray signed a release in favor of Allstate which preserved her right to seek further recovery against Ms. Gold and Farm Bureau. At trial, Farm Bureau stipulated Ms. Gold's liability and defended solely on the issue of damages. The jury returned a verdict for plaintiffs awarding $285,000 to Mrs. Bray and $15,000 *81 to Mr. Bray. The trial court entered judgment on the verdict and assessed costs against Farm Bureau in the amount of $1,171.62.
Plaintiffs then brought this action against Farm Bureau which sought recovery of the judgment under the UM provisions in Mr. Bray's two policies, alleged Farm Bureau committed unfair trade practices, and asked for punitive damages. Plaintiffs moved for partial summary judgment alleging that they are entitled to $274,500.00 plus costs and interest under the UM provisions of Mr. Bray's two insurance policies. The trial court granted plaintiff's motion and ruled under N.C.Gen.Stat. § 1A-1, Rule 54(b) that this order was a final judgment as to that claim. From this order, Farm Bureau appeals.

I.
Farm Bureau first argues that the trial court erred by granting summary judgment for plaintiffs because Mr. Bray's business auto policy contains a "family member/household-owned vehicle" provision which excludes coverage for bodily injury sustained by an insured who is injured while occupying a vehicle owned by the named insured but not insured under the policy. Farm Bureau contends that because of this "family member/household-owned vehicle" exclusion, plaintiffs are not covered under the UM section of Farm Bureau's business auto policy. We disagree.
In determining whether coverage is provided by a particular automobile liability insurance policy, "careful attention must be given to the type of coverage, the relevant statutory provisions, and the terms of the policy." Smith v. Nationwide Mut. Ins. Co., 328 N.C. 139, 142, 400 S.E.2d 44, 47, reh'g denied, 328 N.C. 577, 403 S.E.2d 514 (1991); Wiggins v. Nationwide Mut. Ins. Co., 112 N.C.App. 26, 434 S.E.2d 642 (1993). In the instant case, the type of coverage at issue is UM coverage. The relevant statute at the time of the accident is N.C.Gen.Stat. § 20-279.21(b)(3) (1989).
The UM coverage section of the business auto policy issued by Farm Bureau to Mr. Bray contains the following provisions:

A. COVERAGE
1. We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of: a. an "uninsured motor vehicle" because of "bodily injury" sustained by the "insured" and caused by an "accident,"....

B. WHO IS AN INSURED
1. You
2. If you are an individual, any "family member."
. . . . .

C. EXCLUSIONS
This coverage does not apply to:
. . . . . .
4. "Bodily injury" sustained by you or any "family member" while "occupying" or struck by any vehicle owned by you or any "family member" that is not a covered "auto."
. . . . . .
F. ADDITIONAL DEFINITIONS
The following are added to the DEFINTIONS Section:
1. "Family member" means a person related to you by blood, marriage, or adoption who is a resident of your household, including a ward or foster child.
When a statute is applicable to the terms of an insurance policy, the provisions of the statute become the terms of the policy, as if written into it. If the terms of the statute and the policy conflict, the statute prevails. Sutton v. Aetna Cas. & Sur. Co., 325 N.C. 259, 382 S.E.2d 759, reh'g denied, 325 N.C. 437, 384 S.E.2d 546 (1989); Nationwide Mut. Ins. Co. v. Chantos, 293 N.C. 431, 238 S.E.2d 597 (1977). At the time of the accident, N.C.Gen.Stat. § 20-279.21(b)(3) provided in relevant part:
For purposes of this section "persons insured" means the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses *82 with the consent, express or implied, of the named insured, the motor vehicle to which the policy applies and a guest in such motor vehicle to which the policy applies or the personal representative of any of the above or any other person or persons in lawful possession of such motor vehicle.
N.C.Gen.Stat. § 20-279.21(b)(3) (1989).
Under this statute there are two classes of "persons insured:"
(1) the named insured and, while resident of the same household, the spouse of the named insured and relatives of either and
(2) any person who uses with the consent, express or implied, of the named insured, the insured vehicle, and a guest in such vehicle.
Crowder v. N.C. Farm. Bureau Mut Ins. Co., 79 N.C.App. 551, 554, 340 S.E.2d 127, 129-30, disc. rev. denied, 316 N.C. 731, 345 S.E.2d 387 (1986); Smith, 328 N.C. at 143, 400 S.E.2d at 47; Busby v. Simmons, 103 N.C.App. 592, 406 S.E.2d 628 (1991). Members of the first class are "persons insured" for the purposes of UM coverage regardless of whether the insured vehicle is involved in their injuries. Smith, 328 N.C. at 143, 400 S.E.2d at 47. Members of the second class are "persons insured" only when the insured vehicle is involved in the insured's injuries. Id. In the instant case, Mrs. Bray is a member of the first class.
The purpose of UM and underinsured motorist (UIM) coverage is to compensate the innocent victims of financially irresponsible motorists. See Nationwide Mut. Ins. Co. v. Aetna Life & Cas. Co., 283 N.C. 87, 194 S.E.2d 834 (1973). While the purpose of liability coverage is to protect covered persons from their own negligence, UM/UIM coverage is intended to protect covered persons from the negligence of others. Smith, 328 N.C. at 146, 400 S.E.2d at 49. Therefore, liability coverage is essentially vehicle oriented while UM/UIM coverage is essentially person oriented. Harrington v. Stevens, 334 N.C. 586, 434 S.E.2d 212 (1993).
In Smith, our Supreme Court addressed the question of whether a "family member" or "household-owned" vehicle exclusion in a policy's liability section was effective to limit UIM coverage. Smith, 328 N.C. at 149, 400 S.E.2d at 51. The Court, after noting the difference between liability insurance and UM/UIM insurance, concluded that the "family member" or "household-owned" exclusion in the liability coverage section is not effective to deny UIM coverage to a family member injured while a passenger in a family-owned vehicle not listed in the policy. Smith, 328 N.C. at 149, 400 S.E.2d at 51. The Court in Smith declined to decide whether a "family member" or "householdowned" exclusion clearly stated in the UM/UIM section of a policy is contrary to the statute since there was no such exclusion in the UM/UIM section in that case. Smith, 328 N.C. at 150, 400 S.E.2d at 51.
In the instant case, the question is whether the "family member" exclusion in the policy's UM endorsement is effective to deny coverage for Mrs. Bray's injuries. In Smith, the Supreme Court indicated that such a provision would contradict the coverage mandated by N.C.Gen.Stat. § 20-279.-21(b)(3). Smith, 328 N.C. at 148, 400 S.E.2d at 50. The Motor Vehicle Safety and Financial Responsibility Act of 1953 is a remedial statute to be liberally construed in order that the beneficial purpose intended by its enactment may be accomplished. Sutton, 325 N.C. at 265, 382 S.E.2d at 763; Moore v. Hartford Fire Ins. Co., 270 N.C. 532, 535, 155 S.E.2d 128, 130-131 (1967). We therefore conclude that the policy's "family member" exclusion for UM coverage is repugnant to the purpose of UM and UIM coverage and is therefore invalid. As the Court stated in Smith, "the definition of `persons insured' for UM/UIM coverage strongly suggests that the UM/UIM coverage follows the person rather than the vehicle." Smith, 328 N.C. at 149, 400 S.E.2d at 50. As a person insured of the first class, Mrs. Bray is entitled to UM benefits under the policy regardless of whether she is riding in the insured vehicle or walking down the street. See Bass v. N.C. Farm Bureau Mut, Ins. Co., 332 N.C. 109, 418 S.E.2d 221 (1992) (plaintiff, a member of the first class, injured on his motorcycle may recover under the UIM provision in his automobile/truck policy). Mrs. Bray is *83 therefore entitled to UM coverage under her husband's business auto policy.

II.
Farm Bureau next argues that if Mr. Bray's business auto policy provides UM coverage to Mrs. Bray, such coverage is limited to the statutory minimum of $25,000 per person/$50,000 per accident. Farm Bureau contends that coverage beyond this $25,000/$50,000 requirement is voluntary coverage and governed by the terms of the policy which includes the "family member" exclusion. We agree.
N.C.Gen.Stat. § 20-279.21(g) provides:
Any policy which grants the coverage required for a motor vehicle liability policy may also grant any lawful coverage in excess of or in addition to the coverage specified for a motor vehicle liability policy and such excess or additional coverage shall not be subject to the provisions of this Article. With respect to a policy which grants such excess or additional coverage the term "motor vehicle liability policy" shall apply only to that part of the coverage which is required by this section.
N.C.Gen.Stat. § 20-279.21(g) (1989).
The statute requires that UIM coverage be in an amount equal to the policy limits for bodily injury liability as stated in the policy. Sutton, 325 N.C. at 268, 382 S.E.2d at 765; N.C.Gen.Stat. § 20-279.21(b)(4) (1989). At the time of the accident, however, there was no such requirement for UM coverage. The UM statute was amended in 1991 to provide: "If the named insured in the policy does not reject uninsured motorist coverage and does not select different coverage limits, the amount of uninsured motorist coverage shall be equal to the highest limit of bodily injury and property damage liability coverage for any one vehicle in the policy." N.C.Gen.Stat. § 20-279.21(b)(3) (1993). This provision was not in effect at the time of the accident in 1990. Therefore, the statutory minimum for UM coverage at the time of the accident was $25,000 per person/$50,000 per accident. N.C.Gen.Stat. § 20-279.21(b)(3) (1989). To the extent that coverage provided by the insurance policy exceeds the statutory minimum coverage, the additional coverage is voluntary and governed by the terms of the insurance contract. Government Employees Ins. Co. v. Herndon, 79 N.C.App. 365, 339 S.E.2d 472 (1986); Caison v. Nationwide Insurance Co., 36 N.C.App. 173, 243 S.E.2d 429 (1978). In the instant case, the "family member" exclusion is valid as to the coverage beyond the statutory minimum of $25,000. Therefore, the UM coverage available to Mrs. Bray under the business auto policy was $25,000.00 and the trial court erred by holding Mrs. Bray was entitled to $300,000 in UM coverage.

III.
Farm Bureau next argues Mrs. Bray is not entitled to UM coverage under Mr. Bray's garage policy because that policy is an "operator's policy" to which the requirements of N.C.Gen.Stat. § 20-279.21(b)(3) do not apply. This argument is without merit.
The garage policy issued to Mr. Bray contains an endorsement which includes the following section:
C. CHANGES IN UNINSURED MOTORIST COVERAGE
The LIMIT OF INSURANCE applies except that we will apply the limit shown in the declarations to first provide the separate limits required by North Carolina Law as follows:
1. $25,000 for "bodily injury" to any one person caused by any one "accident;"
2. $50,000 for "bodily injury" to two or more persons caused by any one "accident;" and
3. $10,000 for "property damage" caused by any one "accident."
This provision will not change the total limit of insurance.
The declarations of the garage policy do not provide for any UM or UIM coverage. We conclude, however, that the subsequent endorsement provides UM coverage of $25,000 per person/$50,000 per accident. Therefore, Mrs. Bray is entitled to UM coverage of $25,000 under the garage policy.
For the forgoing reasons we hold that plaintiffs are entitled to UM coverage of *84 $25,000 under both the business auto policy and the garage policy for a total of $50,000. The trial court's order which held that plaintiffs are entitled coverage of $300,000 under both policies is therefore
Modified and affirmed.
ARNOLD, C.J., and MARTIN, J., concur.